(33 Misc. Rep. 22.)

### PEOPLE v. SPOLASCO et al.

(Court of General Sessions, New York County.   November, 1900.)

FALSE PRETENSES—LARCENY—INDICTMENT.
> Under Pen. Code, § 34, defining an attempt to commit a crime as "An act done with intent to commit a crime, and tending, but failing, to effect its commission," an indictment for an attempt to commit the crime of grand larceny by false pretenses alleged that defendants, acting together and with a common purpose, made certain representations to complainant, and demanded or requested the payment of a certain sum of money, with which they alleged they had arranged to bribe the judge and prosecuting attorney of the court before which complainant was awaiting trial for crime, and thereby secure her release. *Held* not insufficient, because it did not appear therefrom that complainant relied on the representations and parted with the money.

William Spolasco and Susie Greenwald were indicted for attempting grand larceny in the second degree by false pretenses. Demurrer to indictment. Overruled.

Henry W. Unger, Asst. Dist. Atty., for the People.
David Welch, for defendant Greenwald.
James W. McLaughlin, for defendant Spolasco.

McMAHON, J.   This is a demurrer to an indictment found by the grand jury against the defendants for an attempt to commit the crime of grand larceny by false pretenses.   The indictment alleges, in substance, that the defendants, acting together and with a common purpose, made certain representations to the complainant, and demanded or requested the payment of a certain sum of money, with which they alleged they had arranged to bribe a judge of this court and the district attorney of the county, and thereby secure the release of the complainant, who was a prisoner under indictment and awaiting trial.   The demurrer sets forth that the facts alleged in this recital do not constitute a crime, and many authorities are quoted in support of this contention.   Only one of these, however, seems to be in point.   The indictment in this case is for a distinct crime, defined and made punishable under the Code, which requires no cooperation of a third party, and depends for its completion wholly upon the intent and act of the wrongdoer.   An attempt to commit a crime is thus defined in Pen. Code, § 34:   "An act done with intent to commit a crime, and tending, but failing, to effect its commission."

Counsel for the defendants contend that there must be:

"First, false statement of defendant; second, known to be false in defendant; third, with intent to defraud of money or property or other thing of value; fourth, must be relied upon as true by the complainant; fifth, property or money must be parted with by the complainant."

All this may be true when there is question, not of the crime charged in this indictment, but of another offense, when actually completed.   Counsel further say:

"Without the fourth or fifth proposition, it is not an attempt, but merely preparation, to commit the crime.   If she had parted with the property, then

there would have been some act beyond the intent, tending, but failing, to effect its commission, although she did not believe the statement. Again, she might believe the representations to be true, and something occur to prevent delivering of the thing of value, and then have the necessary element beyond intent, tending, but failing, to effect its commission. You cannot make out the crime unless you have one of these elements,—the reliance and belief in the statements as true, or a parting with the property."

This reasoning may be correct when applied to the completed crime of grand larceny, but I am at a loss to see in what manner it can be made applicable to the other crime of an attempt.

An attempt is made a separate and distinct crime, and its essence is "an act done with intent to commit a crime." Done by whom? By a third party or by the person charged with the crime itself? How can the act of a third party, even the intended victim, be evidence of the intent of the wrongdoer? It would be equally unreasonable to hold that the credulity or incredulity of the intended victim as to false statements made could have any effect upon that which constitutes the essence of the crime of attempt, namely, "An act done with intent to commit a crime, and tending, but failing, to effect its commission." I have no hesitation in saying that the reasoning in the case of McCord v. People, 46 N. Y. 470, is not applicable to the case at bar, and is easily distinguishable. No one will deny the proposition that an attempt to commit a crime against a third party may be made, even without the knowledge of such party, either before or after the attempt, as a separate crime, has been completed. In the case of People v. Moran, 123 N. Y. 254, 25 N. E. 412, 10 L. R. A. 109, such was the fact. The defendant in this case inserted his hand into the pocket of a woman, but was unable to complete the crime of larceny, because there was no property to be appropriated, yet a conviction of the crime of attempt was upheld in the court of appeals. In the present case there was the intent to commit a crime, and acts done in pursuance thereof, namely, statements made by the defendants to the woman to the effect that they had already taken steps to commit another crime, whereby the woman would be benefited. The coming to this woman in her place of confinement, and making such statements, were certainly acts done with intent to commit a crime. The fact that the statements were untrue, and that the defendants had not committed the other crime of bribing public officers, the fact that the other crime was absurd and impossible, and the fact that the woman, who was not unfamiliar with the methods of criminal justice, was not likely to place reliance upon such statements, and that she parted with no property in consequence thereof, cannot, by any conceivable process of reasoning, be made to relate back to the elements that constitute the separate and distinct crime of attempt at grand larceny by false pretenses. These elements are the act done by the defendants and the criminal intent. As I have said before, the reasoning in the McCord Case, supra, is not applicable here, and the same is true of the Livingstone Case (Sup.) 62 N. Y. Supp. 9, cited in support of counsel's contention. I repeat, an attempt to commit a crime is clearly a separate and distinct offense, and does not necessarily require or depend upon the concurrence of a third party, and may be completed

absolutely without the knowledge of the party selected as its victim.

In the case of People v. Gardner, 144 N. Y. 119, 38 N. E. 1003, the court say, per Earl, J.:

"The threat of the defendant was plainly an act done with intent to commit the crime of extortion, and it tended, but failed, to effect its commission, and therefore the act was plainly, within the statute, an attempt to commit the crime. The condition of Mrs. Amos' mind was unknown to the defendant. If it had been such as he supposed, the crime could have been, and probably would have been, consummated. His guilt was just as great as if he had actually succeeded in his purpose. His wicked motive was the same, and he had brought himself fully and precisely within the letter and policy of the law. This crime, as defined in the statute, depends upon the mind and intent of the wrongdoer, and not on the effect or result upon the person sought to be coerced. As said in People v. Moran, 123 N. Y. 254, 25 N. E. 412, 10 L. R. A. 109, where the defendant was convicted of an attempt to commit the crime of larceny by thrusting his hand into the pocket of a woman which was not shown to contain anything, 'the question whether an attempt to commit a crime has been made is determinable solely by the condition of the actor's mind, and his conduct in the attempted consummation of his design. * * * An attempt is made when an opportunity occurs, and the intending perpetrator has done some act tending to accomplish his purpose, although he is baffled by an unexpected obstacle or condition.' "

Judge Earl further says:

"So far as I can discover, there is absolutely no authority upholding the contention of the learned counsel for the defendant, that because the defendant did not inspire fear in the mind of Mrs. Amos by his threats, and thus could not have been guilty of the completed crime of extortion, therefore he cannot be convicted of attempting to commit the crime. That contention is, as I believe, also without any foundation in principle or reason."

The reasoning in the case of People v. Gardner, supra, which is absolutely in point, is controlling. I can find nothing in the other cases cited by the learned counsel for the defense in conflict therewith. The indictment charges the defendants with an attempt at grand larceny, and alleges certain acts done by them in furtherance of their guilty intent. If these acts are proven, and this intent established, a conviction must follow, as facts sufficient to constitute the crime of attempt to commit the crime of grand larceny by false pretenses are alleged in the indictment. The demurrer is overruled.

Demurrer overruled.