### 13663.   PARKER *et al. v.* THE STATE.

An attempt to commit the crime of cheating and swindling was shown by the allegations of the accusation, and the court did not err in overruling the demurrer, in which it was contended that the allegations showed no attempt to commit a crime, but mere preparation to commit one.

DECIDED JULY 25, 1922.

Accusation of misdemeanor; from city court of Albany — Judge Clayton Jones.   May 17, 1922.

*Claude Payton,* for plaintiff in error, cited: Penal Code (1910), §§ 719, 1066; *Brown* v. *State,* 95 *Ga.* 481; *Groves* v. *State,* 116 *Ga.* 520; *Peebles* v. *State,* 101 *Ga.* 585; *Wilburn* v. *State,* 22 *Ga. App.* 613; 25 *Ga. App.* 306; 53 *Ga.* 33; 53 *Ga.* 205; 90 *Ga.* 441; 8 R. C. L. 276 et seq., §§ 294-7; *Griffin* v. *State,* 26 *Ga.* 493, and *Akin* v. *State,* 90 *Ga.* 452, distinguished.

*R. H. Ferrell, solicitor,* contra, cited: Penal Code (1910), §§ 719, 1066 (7); *Weaver* v. *State,* 116 *Ga.* 516; *Groves* v. *State,* 116 *Ga.* 516-19; *Griffin* v. *State,* 26 *Ga.* 497, 506; 8 R. C. L., § 298.

BLOODWORTH, J.   The accusation in this case charged that the defendant did " unlawfully and with force and arms, knowingly and wilfully, with intent to cheat and defraud one Gus Johnson, falsely and fraudulently represent to the said Gus Johnson that said defendants had just found a pocketbook containing several one hundred dollar bills, a check of the Standard Oil Company for $580.00, and a $5,000.00 liberty bond, and that said defendants would allow said Gus Johnson to participate in the division of said fund provided the said Gus Johnson would pay to said defendants the sum of $50.00 by giving said defendants a check on the Citizens First National Bank on the account of the said Gus Johnson, and the said defendants procured for the said Johnson a blank check on said bank for the purpose of having the said Johnson execute and deliver the same to the defendants, all of which said representations made by the said defendants to the said Gus Johnson were known to be false by the said defendants and were not known to be false by the said Gus Johnson, but the said Gus Johnson believed them to be true and relied upon them as being true, and before the said Johnson signed, executed, and delivered said check which had been so procured for him so to sign by said defendants for the purpose of cheating and defrauding the said Johnson out of the sum of $50.00 in money of the

value of $50.00, the said defendants were prevented and intercepted from executing the deceitful means and artful practices by one W. E. Whiddon and J. P. Champion, who then and there prevented the execution and delivery of said check by the said Johnson and the receiving of the same by the said defendants. Said Gus Johnson at the time maintained an account with the said bank, and defendants could and would have obtained said $50.00 in money of the value of $50.00 had the said defendants received a check executed by the said Johnson as aforesaid, and, should said defendants have received said check signed by the said Johnson on the said bank, said check so signed and delivered would have been of the value of $50.00, and to the loss and damage of the said Gus Johnson in the sum of $50.00, had not said defendants been intercepted and prevented from executing said fraudulent scheme as hereinbefore set out." The defendants demurred to the accusation, alleging in substance that it did not show an attempt to commit a crime, but showed nothing more than mere preparation to commit one.

In considering the demurrer we must treat the allegations of the accusation as true. These allegations show more than "mere preparatory acts for the commission of the crime." They set out the overt acts proximately leading to its commission; they show that the defendants sought out their intended victim; that they knowingly and designedly made to him false representations with intent to deceive and defraud; that these representations referred to a past fact (the finding by them of the pocketbook), and that Gus Johnson, relying on the truth of these false statements, would have been defrauded and would have lost $50 had not said defendants been intercepted and prevented from executing said fraudulent scheme. They show all the essential elements necessary to constitute the crime of cheating and swindling (*Goddard* v. *State*, 2 *Ga. App.* 154, 58 S. E. 304), except that they do not show that the intended victim was actually defrauded and cheated. Johnson was the party who was expected to sign and deliver the check. The defendants did all that was necessary for them to do to make the attempt complete; and all that it would have been necessary for them to do had the check been signed and delivered was to present and collect it. Who doubts that if the check had been signed and delivered to them, and they had not been in-

tercepted and prevented, they would have presented the check and collected the money thereon, and the crime of cheating and swindling would have been completely consummated? In the brief of counsel for the plaintiff in error it is insisted that if the check had actually been written and the defendants had decided not to cash it, there would have been no crime. This presents an issue not raised by the demurrer. If the case had proceeded to trial, and the accused had contended that after all that is alleged in the indictment had been done ·they reached the locus penitentiæ, heard " the still small voice," and turned away from the consummation of the crime, this would have made an issue of fact for the jury. *Weaver* v. *State,* 116 *Ga.* 550 (2), 554 (2) (42 S. E. 745).

The demurrer was properly overruled; and, this being the only issue before this court, the ruling thereon and the final judgment must be        *Affirmed. Broyles, C. J., and Luke, J., concur.*