33982, 33983. BRYNING *et al.* v. THE STATE. (2 cases)

33984. CROMARTIE *v.* THE STATE.

33985. McNEAL *v.* THE STATE.

CARLISLE, J. 1. This court will take judicial notice that the regular terms of the Superior Court of Coffee County commence on the second and third Mondays of March and of October.

2. After the general term of a superior court has been organized and put into operation by the presiding judge, the term continues until finally adjourned by him or by operation of law. *Dover* v. *Dover,* 205 *Ga.* 241 (53 S. E. 2d, 492); *Mathis* v. *Crowley,* 146 *Ga.* 749 (92 S. E. 213).

3. The March term, 1950, of the Superior Court of Coffee County having been regularly organized on the appointed days, and never having been adjourned by order of court, was adjourned by operation of law on October 4, 1950, according to the agreed statement of fact appearing in the record. See in this connection Code, § 24-3010; *Horkan* v. *Beasley,* 11 *Ga. App.* 273 (75 S. E. 341); *Dover* v. *Dover,* supra.

4. Code § 27-1901 provides: "Any person against whom a true bill of indictment is found for an offense not affecting his life may demand at either the term when the indictment is found, or at the next succeeding regular term thereafter, a trial; or, by special permission of the court, he may at any subsequent term thereafter demand a trial. In either case the demand for trial shall be placed upon the minutes of the court. If such person shall not be tried when the demand is made, or at the next succeeding regular term thereafter, provided at both terms there were juries impaneled and qualified to try him, he shall be absolutely discharged and acquitted of the offense charged in the indictment."

5. Where, upon a demand made for trial by a defendant indicted during the March term, 1950, of the Superior Court of Coffee County, for an offense not affecting his life, reciting that there were jurors impaneled and qualified to try his case, the judge of the court enters an order thereon reciting that the demand *is true* and orders the demand, made on September 30, 1950, spread upon the minutes of the court, it is conclusive by the terms of such order that there was a jury impaneled and qualified to try such defendant.

6. Where such demand, together with such order, is filed in the office of the Clerk of the Superior Court of Coffee County on October 2, 1950, prior to the adjournment of that court on October 4, 1950, it is immaterial that such demand was not actually entered by the clerk upon the minutes of the court until October 6, 1950. The failure of the clerk to keep proper minutes cannot be allowed to destroy the fact that a proper demand had been made. See *Cribb* v. *State*, 118 *Ga.* 316 (45 S. E. 396); *Wise* v. *State*, 34 *Ga.* 348, 353 (3); *Smith* v. *Ross*, 108 *Ga.* 198 (33 S. E. 953).

7. And, where it appears that, at the next succeeding term after the March term, 1950, namely, the October term, such defendant demandant was not tried, and it further appears that at such succeeding term there was a jury impaneled and qualified to try him, according to the agreed statement of fact certified by the trial court, it was imperative that the defendant demandant be discharged and acquitted (*Durham* v. *State*, 9 *Ga.* 306 (2); *Brown* v. *State*, 85 *Ga.* 713 (2), 11 S. E. 831; *Nix* v. *State*, 5 *Ga. App.* 835, 63 S. E. 926), unless the defendant waived his demand, by affirmative consent to the passing of the case to a subsequent term, which does not appear. *Walker* v. *State*, 89 *Ga.* 482 (15 S. E. 553); *Nix* v. *State*, supra.

8. It follows, from what has been ruled in the foregoing divisions of this opinion, that the trial court erred on January 5, 1952, in refusing the defendants' motion for discharge and acquittal, made during the October term, 1951, of that court.

*Judgments reversed. Gardner, P.J., and Townsend, J., concur.*

DECIDED APRIL 8, 1952—REHEARING DENIED APRIL 23, 1952.

*George E. Maddox, G. H. Mingledorff*, for plaintiffs in error.
*J. Randall Walker, Solicitor-General, Moore, Oberry & Holton*, contra.

On March 21, 1950, indictments were found and filed in the Superior Court of Coffee County, charging N. A. Bryning and H. E. Cromartie with the offense of breaking and entering; W. N. Bryning and H. E. Cromartie with the offense of trespass; H. E. Cromartie with the offense of larceny after trust; and H. P. McNeal with the offense of larceny after trust.

Each of these defendants has appealed to this court upon an assignment of error that the trial court refused to grant his mo-

tion for a judgment of acquittal, under the provisions of Code § 27-1901, after he had made a demand for trial. These cases all involve the same principle of law and a decision in one case would be determinative of the others, and for that reason they will be considered here together.

The motions of the defendants were heard by the trial court upon the following stipulation of fact, which was approved, sanctioned, and certified as true and correct: "1. The March term, 1950, of the Superior Court of Coffee County, Georgia, for the trial of criminal cases, convened March 20, 1950; petit jurors had been summoned and sworn. The civil causes were tried during the previous week, of the week beginning March 6, 1950. By act of the General Assembly, Coffee Superior Court convenes on the second and third Mondays in March and October of each year, and by judicial custom the first week of said term is always devoted to the trial of civil cases and the second week to the trial of criminal cases. 2. Grand jury for said March term, 1950, of said court was in session during a part of the week of the second Monday of the week beginning with Monday, March 13, and a part of the week of the third Monday, the week beginning with March 20, 1950. The members of the petit jury summoned and sworn for the second week, or the week of the third Monday, which was the 20th day of March, 1950, for the trial of criminal cases, was excused during the afternoon of Monday, March 20, 1950, for the term unless recalled. The grand jury continued to deliberate after the petit jury had been excused as set forth above, and on the following day, to wit, March 21, 1950, returned the true bill of indictment or special presentment in this cause, which was at a time when there was no petit jury present in attendance at said court. 4. The defendants were not under bond to appear at said March term, 1950, of Coffee Superior Court, nor were there outstanding any warrants for their arrest for the offense charged in the indictment. 5. The defendants were not formally placed under arrest after said indictment had been returned, but either by themselves, or through their counsel, agreed to and were allowed to arrange bail to the October term, 1950, of the Superior Court of Coffee County, Georgia, and in pursuance of such arrangement did make and file their bonds conditioned to appear at the October term,

1950, of said court.  6. The demand, which is the basis of this motion to discharge was presented to Honorable Walter Thomas, Judge of Superior Courts of the Waycross Judicial Circuit, on Saturday evening, September 30, 1950, at Ware Hotel, Waycross, Ware County, Georgia, on the occasion of the dinner at which Chief Justice Duckworth of the Supreme Court of Georgia was the guest of the Waycross Bar Association.  At the time said demand was presented, counsel for the defendants inquired if at that time the petit jury for the March term, 1950, of said court had been discharged, and was then and there advised by the judge that the petit jury had been excused subject to be recalled if necessary, and that it was never his custom to discharge his juries for the term.  7. The March term, 1950, of the Superior Court of Coffee County adjourned by operation of law on October 4, 1950.  8. At the time of the presentation of said demand, there was no petit jury present in the Superior Court of Coffee County, Georgia, and none had been since the 20th day of March, next previous thereto.  9. The entry of filing indicating the date when the indictment or special presentment in this cause was returned into court is March 21, 1950.  10. In Minute Book 8, page 111, the demand in question was recorded on October 6, 1950, said demand having been filed in the office of the clerk of said court on October 2, 1950.  11. At the regular March term, 1951, of said court, they made in open court an oral motion for a judgment acquitting and discharging them of the offense charged in said indictment for the reasons: (1) Their demand had been duly filed, allowed, and recorded as provided by law.  (2) They were not tried when the indictment was found or at the October term, 1950, of said court, it being the next regular term thereafter, when it was ordered by the court that he would hear said motion at chambers at some date to be subsequently assigned.  That said hearing was not had, and at the October term, 1951, in open court said motion was again presented by the defendants to the court upon the same grounds and upon the additional [ground] that still another term, namely the March term, 1951, had convened and they were not tried, although at all of said terms there were juries impaneled and qualified to try them.  Said last-mentioned motion was continued by the court to be tried and determined before him in the City of Waycross,

Ware County, Georgia, on the 5th day of January, 1952. 12. The October term, 1950, and the March term, 1951, of said court convened at their regular appointed times, and at both of said terms juries were impaneled and qualified to try the defendants. 13. Defendants nor their counsel had any knowledge that said demand was not recorded on the date of filing until March term, 1951, of the Superior Court of Coffee County, Georgia."

It appears from the records in these cases that the demand made was in the following terms: "Comes now . . jointly and severally the defendants in the above-stated case, at this the March term, 1950, of the Superior Court of Coffee County, Georgia, this being the term of this court at which said indictment was found and returned, and there being jurors impaneled and qualified to try the case, and make demand here and now for trial, and ask that this demand be placed upon the minutes, and that they be tried at this term of this court, or at the next succeeding term hereafter, and that in default of a trial they be fully acquitted and discharged of said offense. This 30th day of September, 1950." It appears further from the records in these cases that the court entered the following order upon the demands: "The above and foregoing demand having been made and same being true, it is hereby allowed; let it be spread upon the minutes. This 30th day of September, 1950." The demands were filed in the office of the Clerk of the Superior Court of Coffee County on October 2, 1950, according to the certificate of the clerk, although it appears from the bill of exceptions and the agreed statement of fact that the demands were not actually spread upon the minutes until October 6, 1950.