86 Ga. App. 35 (1952)
70 S.E.2d 779
BRYNING et al.
v.
THE STATE. (2 cases) CROMARTIE
v.
THE STATE. McNEAL
v.
THE STATE.
33982, 33983, 33984, 33985.
Court of Appeals of Georgia.
Decided April 8, 1952.
Rehearing Denied April 23, 1952.
George E. Maddox, G. H. Mingledorff, for plaintiffs in error.
J. Randall Walker, Solicitor-General, Moore, Oberry & Holton, contra.
*39 CARLISLE, J.
1. This court will take judicial notice that the regular terms of the Superior Court of Coffee County commence on the second and third Mondays of March and of October.
2. After the general term of a superior court has been organized and put into operation by the presiding judge, the term continues until finally adjourned by him or by operation of law. Dover v. Dover, 205 Ga. 241 (53 S. E. 2d, 492); Mathis v. Crowley, 146 Ga. 749 (92 S. E. 213).
3. The March term, 1950, of the Superior Court of Coffee County having been regularly organized on the appointed days, and never having been adjourned by order of court, was adjourned by operation of law on October 4, 1950, according to the agreed statement of fact appearing in the record. See in this connection Code, § 24-3010; Horkan v. Beasley, 11 Ga. App. 273 (75 S. E. 341); Dover v. Dover, supra.
4. Code § 27-1901 provides: "Any person against whom a true bill of indictment is found for an offense not affecting his life may demand at either the term when the indictment is found, or at the next succeeding regular term thereafter, a trial; or, by special permission of the court, he may at any subsequent term thereafter demand a trial. In either case the demand for trial shall be placed upon the minutes of the court. If such person shall not be tried when the demand is made, or at the next succeeding regular term thereafter, provided at both terms there were juries impaneled and qualified to try him, he shall be absolutely discharged and acquitted of the offense charged in the indictment."
*36 5. Where, upon a demand made for trial by a defendant indicted during the March term, 1950, of the Superior Court of Coffee County, for an offense not affecting his life, reciting that there were jurors impaneled and qualified to try his case, the judge of the court enters an order thereon reciting that the demand is true and orders the demand, made on September 30, 1950, spread upon the minutes of the court, it is conclusive by the terms of such order that there was a jury impaneled and qualified to try such defendant.
6. Where such demand, together with such order, is filed in the office of the Clerk of the Superior Court of Coffee County on October 2, 1950, prior to the adjournment of that court on October 4, 1950, it is immaterial that such demand was not actually entered by the clerk upon the minutes of the court until October 6, 1950. The failure of the clerk to keep proper minutes cannot be allowed to destroy the fact that a proper demand had been made. See Cribb v. State, 118 Ga. 316 (45 S. E. 396); Wise v. State, 34 Ga. 348, 353 (3); Smith v. Ross, 108 Ga. 198 (33 S. E. 953).
7. And, where it appears that, at the next succeeding term after the March term, 1950, namely, the October term, such defendant demandant was not tried, and it further appears that at such succeeding term there was a jury impaneled and qualified to try him, according to the agreed statement of fact certified by the trial court, it was imperative that the defendant demandant be discharged and acquitted (Durham v. State, 9 Ga. 306 (2); Brown v. State, 85 Ga. 713 (2), 11 S. E. 831; Nix v. State, 5 Ga. App. 835, 63 S. E. 926), unless the defendant waived his demand, by affirmative consent to the passing of the case to a subsequent term, which does not appear. Walker v. State, 89 Ga. 482 (15 S. E. 553); Nix v. State, supra.
8. It follows, from what has been ruled in the foregoing divisions of this opinion, that the trial court erred on January 5, 1952, in refusing the defendants' motion for discharge and acquittal, made during the October term, 1951, of that court.
Judgments reversed. Gardner, P. J., and Townsend, J., concur.