## 55265. THE STATE v. McDONALD.

DEEN, Presiding Judge.

1. Where a demand for trial is made by a criminal defendant at the term when the indictment against him was handed down for an offense not affecting his life reciting that there were jurors impaneled and qualified to try his case, and the judge enters an order reciting that the demand is true and is to be spread upon the minutes, it is conclusive by the terms of the order that there was in fact a jury impaneled and qualified to try the defendant. Where the defendant's case is not called for trial at that term of court or the next term thereafter, the defendant on motion is entitled to be discharged. *Bryning v. State,* 86 Ga. App. 35 (5, 7) (70 SE2d 779); *Denny v. State,* 6 Ga. 491 (1849).

The defendant here was indicted at the December, 1975, term of the Superior Court of Chatham County for one offense and at the July, 1976, term for two others. No further action was taken in the matter. On March 4, 1977

(the last day of the December, 1976, term), he made a demand for trial which recited that "there being jurors empaneled and qualified to try the case at this time" he demands trial at the present (December, 1976) or next succeeding term of court (March, 1977) in lieu of which he be discharged. The court entered an order on March 4, 1977, stating the demand was presented, was true, and was allowed by the court. Both the December, 1976, and March, 1977, terms closed without the cases being called for trial. After motion and hearing at the June, 1977, term the defendant's cases were dismissed and the state appeals.

2. It is true that in *Bryning,* supra, the facts of the case were shown by a stipulation whereas here there is a stipulation augmented by testimony. We do not find that this makes any difference, or that it matters that in the present case the demands were made at the second and third terms of court after the return of the indictment and in *Bryning* at the first term, since the same result accrues when the demand under Code § 27-1901 is made by special permission of the court. In both cases, then, an indictment was ripe for trial. In both cases the civil and criminal juries had been dismissed when the demand was made. (Here the demand was made on the last day of the term; in *Bryning* it was made three weekdays before the term adjourned). In both cases the term was so nearly over that there would probably not be opportunity to summon and impanel another jury to try the case. *Bryning* holds that under these circumstances the defendant has made a proper demand for trial, has not been tried at the term at which the demand was made or the next succeeding term, and is entitled to acquittal, regardless of the fact that the jury had been excused prior to the date on which the demand was made, allowed and filed.

*Bryning* is exactly on point and will be followed by this court. The state relies on *Jordan v. State,* 18 Ga. 532, and *DeKrasner v. State,* 54 Ga. App. 41 (187 SE 402), for the general proposition that if there is no jury impaneled and qualified at the time the demand is made, the demand is not good for that term. *Bryning* does not deal with that proposition at all; it holds that where the motion itself recites that there is in fact a jury impaneled and qualified

at the time the demand is presented, and the judge recites in his order that the statements of the motion are true, the court will not look behind these statements. Thus, one line of cases deals with the substantive law; the other with the method of showing the existing facts. We treat the court's order as being true and refuse to consider evidence impeaching it. Code § 27-1901 contains the proviso that "at both terms there were juries impaneled and qualified" without dealing with the question of whether the traverse jury was or was not excused before the demand was filed. This is a handy rule which avoids a mini-trial to prove the administrative convolutions of the court, and it will be adhered to.

Further, the reason for the rule is well illustrated by the present case. This defendant was accused under three indictments. At the time of his discharge one of the cases was in its sixth term without trial and the others were in the fifth. It is exactly this situation which the law seeks to avoid.

*The judgment discharging the defendant is affirmed. Bell, C. J., Quillian, P. J., Webb, Smith and Shulman, JJ., concur. Banke and Birdsong, JJ., dissent. McMurray, J., concurs in the result of the dissent only.*

ARGUED FEBRUARY 1, 1978 — DECIDED MAY 3, 1978 — REHEARING DENIED MAY 26, 1978 — 

*Andrew J. Ryan, III, District Attorney, Joseph D. Newman, Assistant District Attorney,* for appellant.

*John W. Beam, Jr.,* for appellee.

BANKE, Judge, dissenting.

I respectfully dissent because I feel a general misconception of Code § 27-1901 pervades the bench and bar. The transcript in this case supports my contention.

A normal reading of this section of the Code produces an impression that the first demand for trial may effectively be filed at any time during the term so long as there were juries impaneled and qualified to try the defendant at any time during the term, even if such juries were present only prior to filing of the demand. Stripped of

its modifying and parenthetic language, Code § 27-1901 directs that if a person is not tried when his demand is filed provided juries are impaneled and qualified to try him at that time or later during the same term, he will be discharged and acquitted at the next term provided juries were impaneled and qualified to try him at any time during the second term. This view is stated in *DeKrasner v. State,* 54 Ga. App. 41 (187 SE 402) (1936) which holds "that the defendant was not entitled to his first demand . . . for the reason that no petit or traverse jury . . . was impaneled and qualified to try the defendant *at the time* the first demand was made." (Emphasis supplied.) A demand for trial, with the right to discharge under it, involves the impaneling of two traverse juries qualified to try the defendant, *one when it is made,* the other at the next succeeding term. *Adams v. State,* 65 Ga. 516. In this case it was clearly shown that there were no juries impaneled and qualified to try the appellee at the time his demand was filed which was on the last day of the term at approximately 5 p.m.

On the motion for discharge under Code § 27-1901 in the instant case, it was incumbent upon the appellee, not the state, to show by competent evidence that juries were impaneled and qualified to try him *at the time* his demand for trial was filed. He failed to carry this burden on the hearing, and for this reason alone this case should be reversed. *Woodall v. State,* 25 Ga. App. 8 (102 SE 913) (1920).

Appellee contends *Bryning v. State,* 86 Ga. App. 35 (70 SE2d 779), is controlling and that there is no material difference between *Bryning* and the instant case. A careful reading of *Bryning* shows a very material difference. When counsel for the defendant, in *Bryning,* presented his demand to the judge, ". . . counsel for the defendants inquired if at that time the petit jury for the March term, 1950, of said court had been discharged, and was then and there advised by the judge that the petit jury had been excused *subject to be recalled if necessary,* and that it was never his custom to discharge his juries for the term." (Emphasis supplied.) In *Bryning* there were juries impaneled subject only to recall by the judge. Therefore, the demand could have been met at that term if the judge

had simply recalled the jurors, as they had not been excused for the term. In the instant case, the jurors were excused for the term on March 2, 1977, two days before the demand was filed (T. 9). Hence, *Bryning* is inapposite as to the facts.

Finally, the appellee contends that regardless of the absence or presence of juries at the time the demand was made, the order of the judge entered on the demand for trial is conclusive and cannot be questioned and cites *Bryning*.

In the instant case, it is clear that there were no juries qualified and impaneled to try the defendant when the demand was filed as they had been excused for the term two days before the demand was filed. The demand should not have recited the availability of juries, and the judge should not have been induced to sign an ex parte order that did not speak the truth.

Code § 38-114 provides "Presumptions of law are sometimes conclusive, and an averment to the contrary shall not be allowed. These are termed estoppels, and are not generally favored. Among these are the presumptions in favor of a record or judgment unreversed; of the proper conduct of courts and judicial officers acting within their legitimate sphere; of other officers of the law, after the lapse of time has rendered it dangerous to open the investigation of their acts in regard to mere formalities of the law; of ancient deeds, and other instruments more than 30 years old. . ." The order of the trial judge entered on the demand was only a few months old, and such lapse of time certainly would not have rendered it dangerous to open an investigation as to the truth of the order on the demand for trial. Moreover, it is clear that before the judge signed the order he heard no evidence and did not make a judicial determination; therefore, such order was not conclusive and could have been rebutted by competent evidence. *Touchton v. Stewart,* 229 Ga. 303 (190 SE2d 912) (1972). Hence, the trial judge erred in ruling that as a matter of law the demand was timely filed and the defendant was entitled to an order of discharge. I would reverse.

Furthermore, that portion of Headnote 5 of *Bryning v. State,* 86 Ga. App. 35, supra, that holds the terms of the

ex parte order entered on the demand are *conclusive* should be reversed. That order was merely *presumptive* and not *conclusive* because no evidence was presented before the order was entered and no judicial determination was made. A presumptive order may be rebutted while a conclusive order cannot.

I am authorized to state that Judge Birdsong joins in this dissent and that Judge McMurray concurs in the result of the dissent only.