### 33922. THE STATE v. McDONALD.

PER CURIAM.

Certiorari to the Court of Appeals, *State v. McDonald,* 146 Ga. App. 83 (245 SE2d 446) (1978).

The defendant in this case was indicted on February 26, 1976, during the December 1975 term of the Superior Court of Chatham County for one offense and on July 20, 1976, during the June 1976 term for two others. The terms of that court begin on the first Monday in March, June,

September and December of each year. Late on the afternoon of the last business day of the December 1976 term (Friday, March 4, 1977), he made a demand for trial at the present or succeeding term of court, pursuant to Code Ann. § 27-1901. Although not made at the indictment term or the next regular one, the demand, which recited that "there being jurors impaneled and qualified to try the case at this time," was allowed by special permission of the trial court on the day presented in an order which recited that the demand was presented, was allowed and was true. In June 1977 the defendant moved for dismissal on the ground that the cases had not been called for trial in the December 1976 or March 1977 term. The defendant's motion was granted and the state appealed to the Court of Appeals which affirmed the decision of the trial court, en banc, relying on *Bryning v. State*, 86 Ga. App. 35 (70 SE2d 779) (1952). The dissenters in the Court of Appeals argued that *Bryning*, supra, was not controlling and that the decision should be distinguished. We agree.

Code Ann. § 27-1901 provides: "Any person against whom a true bill of indictment is found for an offense not affecting his life may demand at either the term when the indictment is found, or at the next succeeding regular term thereafter, a trial; or, by special permission of the court, he may at any subsequent term thereafter demand a trial. In either case the demand for trial shall be placed upon the minutes of the court. If such person shall not be tried when the demand is made, or at the next succeeding regular term thereafter, *provided at both terms there were juries impaneled and qualified to try him,* he shall be absolutely discharged and acquitted of the offense charged in the indictment." (Emphasis supplied.) In order to trigger the statute, the defendant must make his demand at a time that a traverse jury is impaneled and qualified to try him. *DeKrasner v. State,* 54 Ga. App. 41 (187 SE 402) (1936). Although the order entering the demand recited that the demand truly stated that such was the case, the order is not conclusive. *Touchton v. Stewart,* 229 Ga. 303 (190 SE2d 912) (1972); Code Ann. § 38-114. To the extent that *Bryning v. State,* 86 Ga. App. 35 (5), supra, holds that such an ex parte order is conclusive

upon the trial court when entered, it is reversed.[1] The order in the case before us was in fact rebutted as to this point at the hearing on the motion for discharge when the trial court found and defendant's attorney stipulated that the jurors had been dismissed (Tr. 11-12). Thus *Bryning v. State,* supra, is not controlling on the question of whether the demand triggered Code Ann. § 27-1901 because there the jurors were subject to recall at the time the demand was filed. Here the record shows that the jurors had been dismissed and were not in fact subject to recall when the demand was filed. Thus the trial court erred in granting the defendant's motion for discharge.

*Judgment reversed. All the Justices concur, except Hall and Hill, JJ., who dissent.*

ARGUED SEPTEMBER 13, 1978 — DECIDED OCTOBER 18, 1978 — REHEARING DENIED NOVEMBER 7, 1978.

*Andrew J. Ryan, III, District Attorney, Joseph D. Newman, Robert M. Hitch, III, Assistant District Attorneys,* for appellant.
*John W. Beam, Jr.,* for appellee.

HILL, Justice, dissenting.

I would approve the majority decision of the Court of Appeals affirming the ruling of the trial judge.

The Code section does not require in the first sentence that the demand be made while a jury is impaneled. That sentence says that the demand can be made during the indictment term or the next regular term. If not timely tried after making demand the defendant is entitled to be discharged provided there were juries impaneled and qualified to try him at the two prescribed terms. The majority moves the proviso which conditions the right of discharge and imposes it on the

---

[1] Although such trial court order, unrebutted, could be conclusive upon an appellate court, we do not decide when, if ever, such an order might become conclusive upon the trial court. See Code Ann. § 38-114.

time for making demand.

Clearly, demand can be made under this Code section at the term when the indictment is returned. But the majority here would say that if the grand jury sits longer than the traverse jury, demand cannot be made at the indictment term unless a traverse jury is still impaneled and subject to recall. See *DeKrasner v. State,* 54 Ga. App. 41 (1) (187 SE 402) (1936). This to me is judicial revision of the law. I respectfully dissent.