A89A0706. STRICKLAND v. THE STATE.
(386 SE2d 165)

McMURRAY, Presiding Judge.

Defendant appeals following the denial of his motion for acquittal pursuant to OCGA § 17-7-170.

Defendant was accused of criminal trespass. The accusation was

filed in the State Court of Glynn County on April 26, 1988. On May 27, 1988, defendant filed a document entitled "Statutory and Constitutional Rights." Therein, defendant demanded a jury trial and urged that he "be tried in this term or the next succeeding term of court." In so doing, defendant made specific reference to OCGA § 17-7-170.

Defendant was arraigned on June 9, 1988. He waived formal arraignment and pleaded not guilty.

Thereafter, on December 16, 1988, defendant moved for acquittal pursuant to OCGA § 17-7-170. The motion was accompanied by the affidavit of the Clerk of the State Court of Glynn County. The Clerk averred: "The State Court of Glynn County has six terms of Court each year. Each term lasts for two months. January, March, May, July, September, and November are the respective terms. For the year 1988 the State Court of Glynn County has had criminal juries impaneled during the January, March, May, September and November terms and has had non jury criminal terms during the January, March and May terms." In a supplemental affidavit, the Clerk also averred that juries were impaneled during April 4-6, 1988 (March 1988 Term), May 2-4, 1988 (May 1988 Term), October 3-6, 1988 (September 1988 Term), and December 5-9, 1988 (November 1988 Term).

The trial court denied defendant's motion "because of the Defendant's failure to comply with the provisions of OCGA § 17-7-170." *Held:*

Defendant's statutory demand for trial was made on May 27, 1988 (which was after the dates May 2-4, 1988, when juries were impaneled). Because no juries were impaneled on or after that date during the May term, the demand did not at that time trigger the running of time specified in OCGA § 17-7-170 (b). *State v. McDonald,* 242 Ga. 487 (249 SE2d 212). *DeKrasner v. State,* 54 Ga. App. 41 (1) (187 SE 402). Jurors were not impaneled during the July term so the demand was not triggered at that time either. A jury was impaneled during the September term, from October 3-6, 1988. Thus, the State could have complied with defendant's demand during the September term and the statute was triggered at that time. A jury was impaneled during the next succeeding court term — the November term. That jury met from December 5 until December 9. However, defendant was not brought to trial during the time that jury was impaneled and qualified. Compare *Kersey v. State,* 191 Ga. App. 847 (383 SE2d 348). Thus, when defendant moved for acquittal on December 16, 1988, two succeeding terms of jury panels had come and gone and defendant had not yet been tried. It follows that the trial court erred in failing to grant defendant's motion for acquittal. *Adams v. State,* 65 Ga. 516; *State v. Prestia,* 183 Ga. App. 24 (357 SE2d 829). See *LaRouche v. State,* 192 Ga. App. 610 (___ SE2d ___).

The State contends that defendant's motion for acquittal was de-

nied properly because defendant sought a bench trial when he was arraigned. In this regard, the State points out that bench trials were not being held during the court terms following defendant's arraignment. This contention misses the mark. The statute provides that defendant is to be discharged and acquitted if he is not tried during the term the demand is made or the next succeeding term provided that "at both court terms there were *juries* impaneled and qualified to try him." (Emphasis supplied.) OCGA § 17-7-170. Whether or not defendant sought a bench trial when he was arraigned is immaterial. Pursuant to the statute, acquittal depends on the availability of a jury (and, logically, the court sitting without a jury) to try defendant.

 *Judgment reversed. Deen, P. J., Banke, P. J., Birdsong, Sognier and Benham, JJ., concur. Carley, C. J., Pope and Beasley, JJ., dissent.*

 POPE, Judge, dissenting.

 I concur with Judge Beasley's dissent. However, I think it essential to point out that the provisions of OCGA § 17-7-170 apply to both jury and bench trials, even though the triggering device embodied in the statute is tied to the availability of juries. In this case, the State was prepared to try Strickland at a bench trial, apparently in reliance on a request for trial by the judge made by Strickland at his June arraignment, within the time allowed by OCGA § 17-7-170. The confusion arises in this case because the record is unclear whether Strickland later demanded trial by jury, and, if so, what the trial court could have done within the time remaining in the term to comply with that demand.

 BEASLEY, Judge, dissenting.

 I respectfully dissent, as no error is shown.

 During the second term, defendant's case was called for trial on the nonjury calendar, which commenced after the jury calendar. There is some evidence in the record that he had earlier asked for a bench trial, which explains his case having been scheduled on the nonjury calendar. Defendant contends that when he moved for acquittal at the time his case was called for bench trial, he had demanded a jury trial. Since he could demand a jury even after having announced that a bench trial would suffice, he would be entitled to acquittal if the court did not provide a jury trial in the November term, which was not yet concluded.

 If the jurors had already been discharged for the term, the court would not be able to provide a jury trial. See *DeKrasner v. State*, 54 Ga. App. 41 (1) (187 SE 402) (1936). But if the jurors were subject to recall, defendant would not be entitled to acquittal because the second term had not yet concluded without his being tried. See *Bryning*

*v. State*, 86 Ga. App. 35 (5) (70 SE2d 779) (1952).

The record does not reflect whether he in fact demanded a jury trial when the case was called on the bench calendar on December 16, and it does not reflect that the court was unable to provide a jury trial during the remaining weeks of that term. All it reflects is that the court denied the motion for acquittal. Without more, we cannot conclude that the trial court erred as a matter of law, as it appears that the motion was premature.

I am authorized to state that Chief Judge Carley and Judge Pope join in this dissent.

DECIDED JULY 13, 1989 —
REHEARING DENIED JULY 26, 1989 —

*Lane & Tucker, Alan D. Tucker*, for appellant.
*Richard H. Taylor, Solicitor*, for appellee.