## STRIPLAND v. THE STATE.

The provision of the Penal Code, which declares that a person against whom a bill of indictment is returned for an offense not affecting his life may demand a trial at the term at which the indictment was found, or at the next succeeding term thereafter, and if he shall not be tried at the term when the demand is made or at the next succeeding term thereafter, and at both terms there were juries impaneled and qualified to try him, he shall be discharged and

acquitted of the offense charged against him, refers to regular terms of the court; and although a person so charged had made a demand for trial, in compliance with the terms of the statute, at a regular term, he is not entitled to be discharged and acquitted of such offense because the State failed or refused to try him at a special term held after the demand was made.

Submitted May 19, — Decided June 3, 1902.

Motion for discharge.　Before Judge Estes.　Hall superior court. April 10, 1902.

*H. H. Dean,* for plaintiff in error.

*W. A. Charters, solicitor-general,* contra.

Little, J.　At the January term, 1901, of the superior court of Hall county, the plaintiff in error was indicted for the offense of receiving stolen goods.　During that term, he made a demand for a trial, which was entered on the minutes.　At the next or succeeding term, July, 1901, he again demanded a trial.　The solicitor-general, however, at this term, entered a nolle prosequi as to this bill of indictment, and at the same (July) term, the grand jury returned another indictment against the plaintiff in error for the same offense.　He was put on trial during this term under the second indictment, and was convicted.　His motion for a new trial having been overruled, a bill of exceptions was sued out to the Supreme Court, and was there pending at the January term, 1902, of Hall superior court.　A new trial was granted by the Supreme Court on the 11th day of March, 1902.　A special term of Hall superior court was called by the judge thereof, to meet on the first Monday in April, 1902, for the purpose of trying certain criminal cases. When that special term convened, the remittitur from the Supreme Court was made the judgment of the superior court.　During that special term the plaintiff in error again demanded a trial, and not having been tried, after the discharge of the jury he moved the court for an order absolutely discharging and acquitting him of the offense charged in the bill of indictment.　The court overruled the motion and refused to grant the order for his discharge.　Plaintiff in error then excepted, insisting that he was entitled to such order under his demand.　In a note incorporated in the bill of exceptions the trial judge says: "The entry of nolle prosequi was made because the first indictment was defective.　The last demand was made when the court was busy with the transaction of the business for which the special term was called.　When that business was ended,

the court inquired of the bar if there was any reason why the jury should not be discharged; and no objection being made, the court discharged them. After this, a motion for the discharge of the plaintiff in error was made, which the court refused." The point to be considered and decided under the record in this case is, whether or not a person who has been indicted for an offense for which he is entitled, under the laws of this State, to make a demand for trial, and having properly made a demand at a regular term, is entitled to be discharged if he is not tried at a special term of the court called thereafter for the purpose of trying criminal cases. Section 958 of the Penal Code prescribes that "Any person against whom a true bill of indictment is found, for an offense not affecting his life, may demand a trial at the term when the indictment is found, or at the next succeeding term thereafter, or at any subsequent term by special permission of the court, which demand shall be placed upon the minutes of the court; and if such person shall not be tried at the term when the demand was made, or at the next succeeding term thereafter, and at both terms there were juries impaneled and qualified to try him, he shall be absolutely discharged and acquitted of the offense charged in the indictment."

We are of the opinion that the defendant was not entitled to be discharged under his demand at the special term of the court. The law fixes, as the time for holding the regular terms of the superior court in Hall county, the third Mondays in January and July of each year. A distinct provision of law authorizes the judge of the superior court, in his discretion, to hold special terms of such courts for the trial of criminal cases, or for the disposition of civil business, either or both. Penal Code, § 796. The provision which gives to an accused person the right to demand a trial at a specified term of the court in which he stands indicted, and declares that he shall be discharged and stand acquitted unless the State shall bring him to trial at least at the second term after such demand, was enacted to meet the constitutional provision which guarantees to all persons charged with crime the right of a speedy trial. The instrument which guarantees this right declares, as to superior courts, that they "shall sit in each year at such times as have been or may be appointed by law," and it must be apparent that, when the General Assembly has by appropriate legislation fixed dates for the holding of regular terms, the right of discharge and acquittal

under a demand for trial only becomes effective when the demand is made at a regular term of the court as fixed by law, and when the State fails to give the accused a trial at the term when such demand was made, or at the next succeeding regular term of the court. Referring to the effect of a demand for trial in the case of *Denny* v. *State*, 6 *Ga.* 491, Nisbet, J., said, in the opinion, that " Our Penal Code protects defendants from vexatious and oppressive delays, whilst, at the same time, the rights of the prosecution are guarded. By entry of the demand upon the minutes of the court, the State is notified of the defendant's intention to proceed to a trial, or be discharged, at a subsequent term. It can not be taken by surprise, for in all cases it has six months' notice." It would seem that the interval elapsing between the regular terms affords a notice not only reasonable but necessary in order that the State may prepare for trial, and doubtless it was deemed that the interval elapsing between two terms — six months — was sufficient time to enable the State to so prepare. It would be obviously unfair to the State, if a demand was made at a particular term, and a special term was called the week after adjournment, to compel it within that limited period to prepare the case for trial. By the use of the words "succeeding term" it is clear that no such contingency was ever contemplated. The succeeding term means the regular term succeeding that at which the demand was made.

We purposely omit any discussion of the other questions made in the briefs of counsel in this case, since in our opinion the judgment of the court below must be affirmed, because the plaintiff in error demanded his discharge at a special term of the court. Certainly the fact that before the juries were discharged the court inquired whether there was any reason why they should not be discharged would not prejudice the right of the plaintiff in error to be discharged, if it had been a regular term, and he had at a previous regular term legally demanded a trial. What we do decide is, that, having demanded a trial at a regular term, the State has until the next succeeding regular term of the court to prepare for a trial under that demand, and that the accused has no right to be discharged under his demand at a special or called term of the court.

*Judgment affirmed. All the Justices concurring, except Lewis, J., absent.*