## 73030. CROFT v. THE STATE.
(350 SE2d 34)

BIRDSONG, Presiding Judge.

Failure of Arraignment Followed By Trial. Frank E. Croft was arrested on October 4, 1985, for the offenses of DUI and driving with an expired license. The Uniform Traffic Citation directed Croft to appear in Recorders Court on October 16, 1985. At that time, Croft entered a demand for jury trial and transfer to state court. An accusation was drawn for the same two offenses and Croft was directed to appear for arraignment in the state court on December 13, 1985, pursuant to a notice mailed to him by the state court solicitor on November 27, 1985. Croft appeared with counsel on December 13 but objected to arraignment on the ground neither he nor counsel had been served in accordance with Uniform Rules of Superior/State Court, Rule 30.1. The trial court declined to arraign Croft at that time. Counsel for Croft was handed personally on December 13 a notice of arraignment for December 18. Later that day the clerk of the state court mailed a copy of the notice of arraignment for the hearing on December 18. Pursuant to the hand-delivered notice, Croft and his counsel appeared on December 18 but stated on the record that the notice mailed by the clerk had not been received. Croft was then arraigned over his objection with directions to appear the next day (December 19) for trial on the two charges. At the time of the arraignment to which Croft entered his objection (because of improper service), Croft also entered numerous motions including a demand for a list of witnesses, discovery, to produce, to suppress, matters in limine as well as a motion to quash the arraignment. After the motion to quash was heard and denied, Croft was arraigned. He appeared for trial the next day and objected to the trial's occurring only one day after the objectionable arraignment. However, the trial court observed that December 19 was the last working day scheduled for jury trials during the second term following Croft's demand for trial by jury. Thus, the trial court refused to delay the trial, and Croft was placed on trial before a jury. He was convicted and sentenced. Croft now brings this appeal enumerating as error the failure of service of notice prior to arraignment and bringing him to trial only one day after the purported arraignment, each in violation of Rules 30.1 and 32.1, respectively, of the Uniform Superior/State Court Rules. *Held*:

We find no merit in either of Croft's enumerations. Pretermitting whether the first notice of appearance for arraignment mailed to Croft on November 27 constituted proper notice, when Croft entered his motion to quash the indictment on December 18, he in effect entered a plea to the merits by presenting the court with an issue of law. Though the motions may have been entered following an objection by Croft that he had not been arraigned formally, he had the right to

waive arraignment, and by his conduct he did waive arraignment. *Baskin v. State*, 137 Ga. App. 840, 841 (1) (225 SE2d 77). See also *Shorter v. State*, 155 Ga. App. 609, 610 (1) (271 SE2d 741); *Ferrell v. State*, 149 Ga. App. 405, 406 (3) (254 SE2d 404). Moreover, the mere fact that the trial was called for the next day following arraignment does not indicate that Croft was not prepared for trial. Croft and his counsel had appeared on two earlier occasions in defense of these motions and presented motions in the case. Further, it was apparent that by his demand for trial Croft had shortened the time for trial which constituted a factor for the trial court to consider when setting the trial date. Under appropriate circumstances, it has been held even where the case is called immediately following the return of an indictment, that there can be no presumption that a defendant is not ready for trial nor error in proceeding with trial. *Braxley v. State*, 17 Ga. App. 196 (1) (86 SE 425). Moreover where a plea of not guilty is entered as in the instant case, the court may set the case down for trial at such time as shall be determined by the court. *Clark v. State*, 138 Ga. App. 266, 271 (7) (226 SE2d 89). Under the circumstances of this case, we comprehend no abuse of discretion in setting the trial on the day following arraignment.

*Judgment affirmed. Banke, C. J., and Sognier, J., concur.*

DECIDED OCTOBER 16, 1986 —
REHEARING DENIED OCTOBER 30, 1986.

*C. Alan Mullinax*, for appellant.
*Samuel H. Harrison*, Solicitor, *Michael S. Weldon*, Assistant Solicitor, for appellee.