### A89A0705. KERSEY v. THE STATE.
(383 SE2d 348)

POPE, Judge.

This appeal is from the trial court's denial of appellant's motion for discharge and acquittal, brought pursuant to OCGA § 17-7-170 (b). On April 1, 1988, appellant was charged with improper lane change, driving on a suspended license and driving under the influence. On April 20, 1988, the State filed its accusation against appellant on these charges in the State Court of Glynn County. During a court appearance on May 19, 1988, appellant filed a document in which he referred to OCGA § 17-7-170 and demanded that his case be tried "in this term or the next succeeding term of Court." On December 6, appellant filed a motion for discharge and acquittal pursuant to OCGA § 17-7-170 (b), which motion the trial court denied. This direct appeal follows. See *Hubbard v. State*, 254 Ga. 694 (333 SE2d 827) (1985); *Smith v. State*, 169 Ga. App. 251 (1) (312 SE2d 375) (1983). *Held*:

OCGA § 17-7-170 (b) provides: "If the person is not tried when the demand is made or at the next succeeding regular court term thereafter, provided at both court terms there were juries impaneled and qualified to try him, he shall be absolutely discharged and acquitted of the offense. . . ." If no jury is impaneled and qualified to try a person when the demand is filed, the time designated in § 17-7-170 does not begin to run until the term at which jurors are impaneled and qualified to try the person. *Waller v. State*, 251 Ga. 124 (3) (303 SE2d 437) (1983), rev'd on other grounds, 467 U. S. 39 (104 SC 2210, 81 LE2d 31) (1984).

The terms of court for the State Court of Glynn County are January, March, May, July, September and November. Each term lasts two months. The terms are not designated "criminal" or "civil." Ga. L. 1981, p. 3359, § 5. The supplemental record provided by the clerk in this case shows that juries were impaneled and qualified May 2-4, 1988, October 3-6, 1988 and December 5-9, 1988.

It follows that appellant's demand for speedy trial did not become effective to trigger the running of time specified in OCGA § 17-7-170 (b) until juries were impaneled and qualified during the September term. The State was prepared to try appellant at the next succeeding term, November. The trial court did not err in denying appellant's motion.

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

Denied June 7, 1989.

*Lane & Tucker, Alan D. Tucker,* for appellant.
*Richard H. Taylor, Solicitor,* for appellee.