A89A0707. KAYSEN v. THE STATE.
(382 SE2d 737)

BANKE, Presiding Judge.

The appellant, charged in the State Court of Glynn County with driving under the influence of alcohol, speeding, and driving with a suspended license, moved for discharge and acquittal based on the state's failure to honor his demand for trial filed pursuant to OCGA § 17-7-170. The trial court denied the motion, and this appeal followed.

The terms of the State Court of Glynn County commence on the first Monday of every other month. Ga. L. 1981, p. 3359, § 5. In support of his motion for discharge, the appellant submitted the affidavit of the clerk of the state court, who averred that criminal juries were impaneled during the January, March, May, and September terms of court in 1988. The appellant filed his demand for trial on April 28, 1988, two days before the end of the March term, and filed his motion for discharge and acquittal on December 7, 1988. *Held:*

The state's contention that the appellant is not subject to acquittal because no jury qualified to try him was impaneled during the term in which the demand was filed is without merit. OCGA § 17-7-170 (b) provides: "If the person is not tried when the demand is made or at the next succeeding regular court term thereafter, provided at both court terms there were juries impaneled and qualified to try him,

he shall be absolutely discharged and acquitted. . . ." In *Waller v. State*, 251 Ga. 124, 126 (3) (303 SE2d 437) (1983), rev'd on other grounds, 467 U. S. 39 (104 SC 2210, 81 LE2d 31) (1984), the Georgia Supreme Court held that where the demand is filed during a term in which there is no jury impaneled to try the case, "the time allowed by the two-term trial requirement [does] not begin to run until the term following that during which the demand was filed." We interpret this to mean that, in computing the time allowed by the two-term requirement, terms or remainders of terms during which no jury is impaneled are not counted. Thus, assuming that there was no longer any jury impaneled during the last two days of the March term, when the appellant's demand was filed, the demand did not become effective until the May term, meaning that the case was required to be tried, at the latest, before the end of the September term, which was the next succeeding term thereafter during which a criminal jury was impaneled. As the appellant was not tried prior to the end of that term, it follows that the motion for discharge and acquittal should have been granted.

*Judgment reversed. Sognier and Pope, JJ., concur.*

DECIDED MAY 31, 1989.

*Lane & Tucker, Alan D. Tucker*, for appellant.
*Richard H. Taylor, Solicitor*, for appellee.