A89A1092. DEADWILEY v. THE STATE.
(384 SE2d 221)

BANKE, Presiding Judge.

The appellant, charged in the Superior Court of Greene County, Georgia, with two counts of violating the Georgia Controlled Substances Act, moved for discharge and acquittal based on the state's failure to try him within two terms after he had filed a demand for trial pursuant to OCGA § 17-7-170. He brings this appeal from the denial of that motion. See generally *Hubbard v. State*, 254 Ga. 694 (333 SE2d 827) (1985).

The terms of the Superior Court of Greene County, which is part of the Ocmulgee Judicial Circuit (see OCGA § 15-6-1 (28)), commence on the fourth Monday in January, April, August, and November of each year. Ga. L. 1988, p. 551, § 1. The present indictment was returned during the August term of court. The appellant filed his demand for trial on October 25, 1988, which was likewise during the August term. He filed his motion for discharge and acquittal on the first day of the January 1989 term. *Held*:

It was incumbent upon the appellant to show by competent evidence both that a jury was impaneled and qualified to try him at the term when his demand was filed and that there was a jury impaneled and qualified to try him during the next succeeding term. See *State v. McDonald*, 242 Ga. 487 (249 SE2d 212) (1978). While the evidence at the hearing on the motion for discharge and acquittal established that a jury had been impaneled at some time during the August term prior to the filing of the appellant's demand, it is apparent from a supplemental record requested by this court that no jury was impaneled either at the time the demand was made or at any subsequent time during the term. "[I]n computing the time allowed by the two-term requirement, terms or remainders of terms during which no jury is impaneled are not counted." *Kaysen v. State*, 191 Ga. App. 734, 735 (382 SE2d 737) (1989), citing *Waller v. State*, 251 Ga. 124, 126 (3) (303 SE2d 437) (1983), rev'd on other grounds, 467 U. S. 39 (104 SC

2210, 81 LE2d 31) (1984). See also *State v. McDonald,* supra, 242 Ga. 487; *Kersey v. State,* 191 Ga. App. 847 (\_\_ SE2d \_\_) (1989). We accordingly hold that the state was not required to try the appellant in the present case prior to the conclusion of the November term of court, with the result that his motion for discharge and acquittal was properly denied.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED JUNE 28, 1989 —
REHEARING DENIED JULY 11, 1989 — 

*H. Samuel Atkins, Jr.,* for appellant.

*Joseph H. Briley, District Attorney, James L. Cline, Jr., Al Martinez, Assistant District Attorneys,* for appellee.