## A89A1093. WEST v. THE STATE.
(387 SE2d 44)

BIRDSONG, Judge.

Robert West seeks acquittal and discharge of his indictments for sale of cocaine on grounds he demanded, but was denied, a speedy trial under OCGA § .17-7-170.

The trial court was correct in denying the motion for acquittal and discharge. OCGA § 17-7-170 provides that following a proper demand for speedy trial, discharge and acquittal shall be granted "[i]f the person is not tried when the demand is made or at the next succeeding regular court term thereafter, provided at both court terms there were juries impaneled and qualified to try him. . . ." OCGA § 17-7-170 (b).

Appellant was indicted in August 1988. He made his demand during that term, but not until October 25, near the end of the term, when there were no juries impaneled to try him and none scheduled, and the criminal court session had been adjourned.

The State clouds the issue by arguing that there must be jurors impaneled "on the day" the demand is made, but § 17-7-170 does not say this. The appellant contends in effect that the statute applies as long as demand was made during a term at which there *had been* juries impaneled to try him, but this is an unreasonable construction and would serve no purpose, for if there is no jury impaneled after the demand is made, the State has not been given the opportunity to comply with the demand during that term. If the defendant postpones his demand until after the impaneled juries have dispersed and the court session has adjourned, then he himself deprives the State of the opportunity to fulfill its intended obligation.

Appellant in this case criticizes, as "housekeeping problems," the State's failure to gather up a jury for him after all had gone home, but the statute does not impose such an obligation upon the State at the defendant's whim. It only gives him the right to acquittal if "at both court terms there were juries impaneled and qualified to try him," and this can only mean that there must have been juries impaneled *after* the demand is made, so as to be able to try him. Otherwise, the statute serves no good purpose.

The provisions of § 17-7-170 (b) were not "triggered" in the first place in this case, where the appellant made his demand when there were no juries impaneled or scheduled to be impaneled in the remainder of the term. See *State v. McDonald*, 242 Ga. 487, 488 (249 SE2d

212). The statute applies to outright dereliction by the State in failing to provide a speedy trial where one could have been had; it does not operate to force the State to impanel a jury for one defendant who makes a late demand. This sort of "housekeeping" would turn the courts upon their heads.

*Judgment affirmed. Deen, P. J., concurs and concurs specially. Benham, J., concurs specially.*

BENHAM, Judge, concurring specially.

I agree with the majority that the trial court was correct in denying appellant's motion for discharge and acquittal, and write separately to set forth the means by which I reached that conclusion.

During the hearing on appellant's motion, the Clerk of the Superior Court of Greene County testified that the court had four terms of court, beginning on the fourth Monday of the months of January, April, August, and November. See also OCGA § 15-6-3 (28) (B). In a supplemental statement, the clerk certified that juries were impaneled on the following dates: October 3, 1988; November 28, 1988; and January 23, 1989. Appellant filed his demand for speedy trial under OCGA § 17-7-170 (b) on October 25, 1988, in the August term of court. According to the clerk's certificate, no jury was impaneled in the August term subsequent to appellant's demand. "[I]n computing the time allowed by the two-term requirement, terms or remainders of terms during which no jury is impaneled are not counted." *Kaysen v. State*, 191 Ga. App. 734, 735 (382 SE2d 737) (1989). See also *Lusher v. State*, 192 Ga. App. 606 (___ SE2d ___) (1989). Thus, the provisions of OCGA § 17-7-170 were not triggered until the November term because no jury was impaneled to try appellant during that portion of the August term that followed his demand. Id. Therefore, the State had to try appellant in the November 1988 term or the January 1989 term. Appellant's motion for discharge and acquittal, made on the first day of the January 1989 term, was premature and the trial court correctly denied the motion.

I am authorized to state that Presiding Judge Deen joins in this special concurrence.

DECIDED OCTOBER 5, 1989.

H. *Samuel Atkins, Jr.*, for appellant.
*Joseph H. Briley, District Attorney, James L. Cline, Jr., Al Martinez, Assistant District Attorneys*, for appellee.