A91A0075. SMITH v. THE STATE.
(406 SE2d 118)

COOPER, Judge.

The appellant, charged in the Superior Court of Fulton County with violations of the Georgia Controlled Substances Act, moved for discharge and acquittal based on the State's failure to honor his demand for trial and try him within two terms of court pursuant to OCGA § 17-7-170. He appeals the denial of the motion.

The terms of the Superior Court of Fulton County commence on the first Monday in January, March, May, July, September and November. Appellant filed his demand for trial on Friday, March 2, 1990, the final day of the January term of court, and filed the motion for discharge and acquittal on May 7, 1990, during the May term of court. On May 8, 1990, his case was called for trial, and appellant entered a plea of guilty, specifically reserving his right to appeal the denial of his motion.

OCGA § 17-7-170 (b) provides: "If the person is not tried when

the demand is made or at the next succeeding regular court term thereafter, provided at both court terms there were juries impaneled and qualified to try him, he shall be absolutely discharged and acquitted of the offense charged in the indictment. . . ." During the hearing on the motion, the State did not dispute that there were juries impaneled to try cases during the January and March terms but argued that no juries were impaneled on the final day of the January term to trigger the provisions of OCGA § 17-7-170, which would have required a trial by the end of the March term. The State pointed out that the last jurors for the term were summoned on February 22, 1990, at which time a jury and alternates were selected for a trial and those not selected were released; that the week ending March 2, 1990 was a non-jury week in which no jurors were called; and that on March 2, 1990, there were two trials in Fulton Superior Court, both beginning during the week of February 19, 1990, one of the trials ending in the evening of March 2 after 9:00 p.m. and the other concluding on March 8, 1990. Denying the motion, the trial court stated that jurors selected and sworn to try the other cases were not available because they could not be impaneled and qualified to try an entirely different case on March 2. Thus, there was no jury qualified to try the case for the remainder of the January term after the demand was filed, and the demand did not become effective until the March term. With this conclusion, we agree.

In *Strickland v. State,* 192 Ga. App. 613, 615 (386 SE2d 165) (1989), we held it was immaterial whether a defendant sought a bench trial or a jury trial but that "[p]ursuant to [OCGA § 17-7-170], acquittal depends on the availability of a jury (and, logically, the court sitting without a jury) to try defendant." "[I]n computing the time allowed by the two-term requirement, terms or remainders of terms during which no jury is impaneled are not counted." *Kaysen v. State,* 191 Ga. App. 734, 735 (382 SE2d 737) (1989). See also *Deadwiley v. State,* 192 Ga. App. 229 (384 SE2d 221) (1989). "If no jury is impaneled and qualified to try a person when the demand is filed, the time designated in § 17-7-170 does not begin to run until the term at which jurors are impaneled and qualified to try the person. [Cit.]" *Kersey v. State,* 191 Ga. App. 847 (383 SE2d 348) (1989). We find, based on the facts discussed above, that because there were no juries impaneled on the date the demand was filed, that date being the last day of the January term, the demand did not become effective until the March term, and the case was required to be tried, at the latest, before the end of the May term. See *Kaysen,* supra. The State was prepared to try the case at the May term; therefore, the trial court did not err in denying appellant's motion.

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED MAY 28, 1991.

Stephen T. Maples, for appellant.
Lewis R. Slaton, District Attorney, Grover W. Hudgins, Joseph J. Drolet, Rebecca A. Keel, Assistant District Attorneys, for appellee.