A93A2081. BALLEW v. THE STATE.
(440 SE2d 76)

ANDREWS, Judge.

Ballew pled guilty to possession of marijuana with intent to distribute and possession of alprazolam. In accepting the guilty plea, the trial court expressly approved the reservation of the defendant's right to appeal the court's refusal to grant him discharge and acquittal based on the State's failure to try him within the required time after he filed a demand for trial pursuant to OCGA § 17-7-170. *Mims v. State*, 201 Ga. App. 277, 278-279 (410 SE2d 824) (1991); *Smith v. State*, 199 Ga. App. 771 (406 SE2d 118) (1991).

After being charged in October 1991 and indicted in January 1992 in the Union County Superior Court, Ballew filed his demand to be tried within the present or next following term of court pursuant to OCGA § 17-7-170 on May 18, 1992, during the January term of court. Thereafter, both the January 1992 term of court and the following July 1992 term of court expired, and Ballew's case was set for

trial in the January 1993 term of court. It is undisputed that juries were empaneled and qualified to try the case in the January 1992 term after the demand for trial was filed, and during the following July 1992 term.

Nevertheless, the State contended in the trial court that Ballew was not entitled to automatic discharge and acquittal for the failure to try him within two terms because Ballew waived the requirements of OCGA § 17-7-170 by filing a motion to suppress, and subsequently consenting to a continuance of the case so that the motion could be ruled on by the trial court. The State has not filed a brief in this court in response to Ballew's enumeration of error and brief.

Ballew filed a motion to suppress on May 5, 1992, but no ruling was rendered until it was denied in the January 1993 term of court. "The defendant may waive his right to such automatic discharge by some action on his part or on the part of his counsel. *Any affirmative action* of the defendant which results in a continuance of the case, or a failure to try it within the time fixed by the statute after the filing of a demand, has the effect of tolling the time. . . . A waiver of the demand would result from a continuance granted on the motion of the accused, or *from any other act on his part showing affirmatively that he consented to passing the case until a subsequent term*." (Citations and punctuation omitted; emphasis in original.) *State v. Waters*, 170 Ga. App. 505, 508 (317 SE2d 614) (1984). The State has the burden of showing that the defendant or his counsel took such affirmative action resulting in a waiver of the requirements of OCGA § 17-7-170. *Birts v. State*, 192 Ga. App. 476, 477 (385 SE2d 120) (1989).

Where the defendant files a motion to suppress, the motion is granted by the trial court, and the State elects to file a direct appeal pursuant to OCGA § 5-7-1, the defendant is deemed to have consented to a delay in the trial of his case tolling the time requirements of OCGA § 17-7-170 pending final resolution of the issue of evidentiary admissibility. *Waters*, supra at 508. Here, however, the motion was not granted and appealed by the State, but denied more than two terms after the demand for trial was filed. A hearing was held on the motion to suppress on November 30, 1992 during the July 1992 term of court. After the hearing, the trial court took the motion under advisement and stated: "We're not going to try your client today or this week either, because of your recent appointment." Ballew's counsel, who had been appointed by the trial court on November 5, 1992, made no statement in response. The record is not clear as to whether there were subsequent weeks in the term in which juries were empaneled and qualified to try the case.

Although the trial judge acted out of a concern that new trial counsel may not have had sufficient time to prepare for trial, there is nothing in the record to indicate that defense counsel was not pre-

pared to try the case. Moreover, there is no indication that the recent appointment of new defense counsel was a result of action taken by the defendant or counsel. Rather, it appears that the July 1992 transfer of Union County Superior Court from the Mountain Circuit to the newly created Enotah Circuit resulted in the replacement of the public defender representing Ballew by an appointed attorney under a new system for indigent criminal defense. There is no evidence that Ballew took any action by which he or counsel representing him caused or consented to a delay of the trial to a subsequent term. *Ciprotti v. State*, 190 Ga. App. 639, 640 (379 SE2d 802) (1989). Although defense counsel said nothing when the trial court announced in his presence that it was continuing the case, we cannot infer under these circumstances that silence was an affirmative action clearly waiving the requirements of OCGA § 17-7-170, and a consent to pass the case to a subsequent term. *Lusher v. State*, 192 Ga. App. 606, 609 (386 SE2d 364) (1989).

Ballew was entitled to discharge and acquittal pursuant to OCGA § 17-7-170.

*Judgment reversed. Pope, C. J., and Birdsong, P. J., concur.*

DECIDED JANUARY 13, 1994.

*Claude S. Beck*, for appellant.
*C. David Turk III, District Attorney*, for appellee.