A94A0406. FLETCHER v. THE STATE.
A94A0408. GARRARD v. THE STATE.
(445 SE2d 279)

SMITH, Judge.

Kenneth A. Fletcher and Joseph R. Garrard appeal the trial court's denial of their motions to dismiss and pleas in bar pursuant to OCGA § 17-7-170 and on the grounds of double jeopardy. During the March 1992 term of court,[1] appellants and others were indicted by the Upson County grand jury on multiple counts of theft by taking

---

[1] There are three terms of superior court in Upson County, beginning on the third Monday in March and August and the first Monday in November. OCGA § 15-6-3 (19) (D).

and false statements stemming from sales of timberland. On July 31, 1992, still within the March term, appellants and others were indicted under the Georgia RICO statute, OCGA § 16-14-4. The appellants filed demands for trial on one or more of the indictments, primarily during the March term.[2] In the following term of court, appellants and other defendants filed various motions to quash and pleas in abatement attacking the indictments. On October 26, 1992, the trial court entered an order granting the motions to suppress evidence and quash the indictments made by the defendants, including appellants, and the State appealed. In *State v. Adams*, 209 Ga. App. 141 (433 SE2d 355) (1993), this court reversed the trial court's order quashing the indictments and declined to consider the order suppressing evidence. The remittitur was made a judgment of the trial court on August 9, 1993.

The March 1993 term began on March 15, 1993; the August 1993 term began on August 16. Appellants' motions for discharge and acquittal were denied on September 28, 1993, during the August term.

1. Appellants contend they are entitled to acquittal under OCGA § 17-7-170, which provides as follows: "Any person against whom a true bill of indictment or an accusation is filed with the clerk for an offense not affecting his life may enter a demand for trial at the court term at which the indictment or accusation is filed or at the next succeeding regular court term thereafter. . . . (b) If the person is not tried when the demand is made or at the next succeeding regular court term thereafter, provided at both court terms there were juries impaneled and qualified to try him, he shall be absolutely discharged and acquitted of the offense charged in the indictment or accusation."

As a preliminary matter, we note that the action of the appellants in moving to quash the indictments tolled their trial demands. A defendant may waive his right to automatic discharge under OCGA § 17-7-170 by any affirmative action on his part or on the part of his counsel which results in a continuance of the case to a time outside the period of the demand. This includes filing a motion that is granted and appealed by the State. *State v. Waters*, 170 Ga. App. 505, 508 (3) (317 SE2d 614) (1984); see *Lusher v. State*, 192 Ga. App. 606, 608-609 (386 SE2d 364) (1989).

Six days remained in the March 1993 term on August 9, 1993, the date the remittitur was made the judgment of the trial court. Appellants contend that the March term constituted one of the two terms during which they were required to be tried under OCGA § 17-7-170,

---

[2] Appellants filed one or more trial demands in the March 1992 term, with the exception of Fletcher, who filed a demand on the May indictment in the August term, which began on Monday, August 18, 1992. Garrard does not provide a record reference to a trial demand on the RICO indictment, and we have found none.

that the term in which the demand was made constituted the other, and that their time therefore has run and they are entitled to automatic acquittal.

This contention is without merit. As noted in *Ramirez v. State*, 196 Ga. App. 11 (395 SE2d 315) (1990), we must consider the practical reality of the trial and appellate processes. OCGA § 17-7-170 is intended to prevent the " 'uncertainty, emotional stress, and the economic strain of a pending prosecution indefinitely. . . .' [Cit.]" Id. However, "it affords the State a reasonable time frame in which to prepare and try its case against the accused. This would be no less true in a retrial after reversal on appeal." Id. at 12.

The construction proposed by appellants would create insurmountable problems not only for the courts but for other defendants awaiting trial. "Under appellant's construction, the State could not responsibly rely on the time period provided by the statute to originally try a defendant. Pragmatically it would have to ready its case for trial in a truncated period, to conserve a cushion of time in case of the necessity of retrial following a reversal on appeal. This would contravene the express terms of the statute and be an unworkable criminal trial process. Subsequent convictions and subsequent successful appeals would preclude retrial altogether as timely impossible. Of utmost importance, retrial only within the tolled remaining days, be it one, ten, or forty-six, would interrupt the calendar already set and disrupt the preparations of others who were entitled to a speedy trial. Having sought a new trial, defendant must await his turn." Id.

"The statute applies to outright dereliction by the State in failing to provide a speedy trial where one could have been had; it does not operate to force the State to impanel a jury for one defendant who makes a late demand. This sort of 'housekeeping' would turn the courts upon their heads." *West v. State*, 193 Ga. App. 117, 118 (387 SE2d 44) (1989). Likewise, the operation of the Code section and the administration of the trial court's calendar should not turn upon the coincidental timing of a return of remittitur.[3]

The reasoning of *Ramirez* and *West* is equally applicable to an appeal and reversal of a defendant's successful plea in bar or motion to quash an indictment. In both situations, the rulings made on appeal may alter substantially the legal or factual posture of the case and affect the parties' preparation for trial. Particularly where appellants' motions were not made until the second term of court after their demands for speedy trial were filed, the appeal and reversal truncate the time for trial preparation to the vanishing point. Having

---

[3] We note that at least one appellant made an explicit written request to the clerk of this court that the remittitur be returned within the almost-expired term, citing the pending speedy trial demand.

set in motion the plea in bar and the ensuing appeal, appellants must await their turn.

Moreover, a term or remainder of a term in which no juries are impaneled and qualified to try the case is not counted for purposes of OCGA § 17-7-170. *Kersey v. State,* 191 Ga. App. 847 (383 SE2d 348) (1989); *Kaysen v. State,* 191 Ga. App. 734, 735 (382 SE2d 737) (1989). While traverse jurors were impaneled earlier in the March term and dismissed after two weeks' service, the clerk of the Upson County Superior Court testified that there were no traverse jurors impaneled and qualified to try appellants in the final six days of the March term, in August 1993.

Appellants contend, apparently on the basis of *State v. McDonald,* 242 Ga. 487 (249 SE2d 212) (1978), that jurors could have been recalled to duty and thus were impaneled and qualified. The clerk originally provided an affidavit for appellants which stated that traverse jurors could have been recalled to duty, but she testified before the trial court that this was in error because she had confused grand jurors with traverse jurors: "Grand jurors can be recalled, but traverse jurors are not recalled. They're assigned by a new order." Under questioning by the trial court, the clerk testified that the traverse jurors were in fact released.[4] Traverse jurors accordingly were not "impaneled and qualified to try" appellants during the six days of the March 1993 term after the remittitur was returned.

"Because the penalty imposed by this statute against the state is so great, it must be strictly construed." *Day v. State,* 187 Ga. App. 175, 176 (369 SE2d 796) (1988). Appellants' motions for acquittal under OCGA § 17-7-170 were premature, and the trial court did not err in denying them.

2. Appellants also contend that they are entitled to a dismissal on the basis of double jeopardy. They contend, and the State denies, that the crimes charged in the RICO indictment were known to the prosecutor at the time the May indictments issued. However, we need not reach this issue because a defendant is not placed in jeopardy until, in a court of competent jurisdiction with a sufficient indictment, he has been arraigned, has pled, and a jury has been impaneled and sworn. *Geckles v. State,* 177 Ga. App. 70 (338 SE2d 473) (1985). Where a jury has not been impaneled and sworn to try the defendant, he has not been placed in jeopardy. *Teal v. State,* 203 Ga. App. 440, 443 (2) (a) (417 SE2d 666) (1992).

*Judgment affirmed in Case Nos. A94A0406 and A94A0408. Pope,*

---

[4] Appellants have not enumerated as error the trial court's admission of the clerk's oral testimony at the October 7, 1993 motions hearing. We note, however, that the trial court granted the State's request to supplement the record on appeal pursuant to OCGA § 5-6-41. See *Deadwiley v. State,* 192 Ga. App. 229 (384 SE2d 221) (1989).

*C. J., and McMurray, P. J., concur.*

DECIDED MAY 16, 1994 —
RECONSIDERATIONS DENIED JUNE 1, 1994 —

*Mullins & Whalen, Nancy A. Bradford,* for Fletcher.
*Virgil L. Brown & Associates, Virgil L. Brown, Bentley C. Adams III, Eric D. Hearn,* for Garrard.
*Michael J. Bowers, Attorney General, Michael E. Hobbs, Deputy Attorney General, Joe Chambers, Patrick D. Deering,* for appellee.