A94A1866. McKNIGHT v. THE STATE.
(453 SE2d 38)

PER CURIAM.

Defendant was charged in two indictments for separate acts of selling marijuana during the April 1993 term of the Newton County Superior Court. Defendant filed a demand for trial during the next term of court (July 1993 term), seeking "a trial by jury . . . at the present July Term of this Court or the next succeeding term[, i.e., the

October 1993 term of court]." OCGA § 15-6-3 (2) (A).

Defendant was not called for trial during the July 1993 term of court, but his case appeared on a special jury trial calendar during the October 1993 term of court set for the week of December 6-10, 1993. On the first day of this special session the following transpired: "[STATE'S ATTORNEY]: Arthur Thomas McKnight. Your Honor, the State calls the case of the State of Georgia versus Arthur Thomas McKnight charged with two counts of sale of marijuana in Case Numbers 93-CR-902 and 903. Issue has been joined an[d] the State announces ready. THE COURT: How does the defense announce? Are you ready? Mr. McKnight, are your (sic) ready to proceed with the trial of your case? THE DEFENDANT: Where's my lawyer? THE COURT: I don't know. That's a good question. THE DEFENDANT: I don't know where [my lawyer] is. THE COURT: He filed a demand for trial and we're here and the jurors are here and we're ready to pick another jury to go to trial. Do you know where your lawyer is? THE DEFENDANT: No, sir. THE COURT: Mr. Cook, [the State's attorney,] it's not your responsibility to keep up with [the defendant's lawyer], but do you happen to know where he is? [STATE'S ATTORNEY]: Your Honor, he had filed a conflict last week for a court in another jurisdiction which I understand has been resolved, so he should be here. THE COURT: When did you learn that it had been resolved? [STATE'S ATTORNEY]: Saturday. THE COURT: Has [the defendant's lawyer] contacted you in any way? [STATE'S ATTORNEY]: I have not had any direct contacts with [him]. THE COURT: The case is continued because of the absence of [the defendant's lawyer]. Your demand for trial is broken. Now, I'm going to — Mr. Cook, would you like for me to put the rest of the jurors on call for Thursday? [STATE'S ATTORNEY]: May I approach the bench? THE COURT: Yes, sir. (Whereupon, a bench conference was held and concluded.) (Proceedings concluded.)"

On January 11, 1994, defendant filed a motion to quash the indictments and a plea in bar based on the State's failure to bring him to trial before expiration of the term of court following his demand for trial. The undisputed evidence adduced at a hearing on the motion to quash and plea in bar reveals that defendant's case appeared on the regular criminal jury trial calendar for the July 1993 term of court; that jurors were qualified and impaneled to execute this calendar during the week of July 19-23, 1993; that defendant filed and served his statutory demand for trial on Thursday morning, July 22, 1993, and that defendant's case was not called for trial during the July 1993 term of court because (at the time defendant filed his demand for trial) the State's attorney was involved with the last criminal jury trial planned for the week of July 19-23, 1993, and because two groups of prospective jurors summoned in August and September

1993 for service during the July 1993 term of court were summoned for service during special civil jury trial sessions. The evidence also reveals that defense counsel was aware that defendant's case was on a special criminal jury trial calendar during the October 1993 term of court set for the week of December 6-10, 1993; that defense counsel was formally excused from appearing upon the call of this special jury trial calendar because of a conflict involving a criminal jury trial in another county; that the case scheduled for trial in the other county was resolved before the week of December 6-10, 1993; that defense counsel contacted, via telephone, a "legal secretary for the Newton County Office of the District Attorney . . ." during the morning of December 6, 1993, and "asked [her] if [defendant] had been picked up from the prison system for trial in Newton County [and that the secretary] advised [defense counsel] that he had." Defense counsel stated in his place that he informed the district attorney's secretary during this telephone conversation that he was available to try defendant's case; that this secretary informed him that two other criminal cases were scheduled for trial that morning and that he advised the secretary that "I'm here, let them know that I'm ready whenever they want me." Defense counsel further stated that he instructed his "paralegal" to remain in contact with the district attorney's office "to see if there was any further word[;]" that "[t]here was no other information [by] noon [on December 6, 1993]" and that he "called back later that early part of the afternoon to find out what the jury list looked like . . . to get ready to prepare for that panel [and that he] was [then] advised [by his paralegal] that everybody had been excused." Defense counsel stated that no more than "45 minutes later, [defendant] calls in absolute panic from the jail and described being brought before the Court, and that's the first [defense counsel] knew about the situation."

The hearing transcript indicates that the assistant district attorney (apparently in charge of the specially called jury trial session) called defendant's case for trial after he completed voir dire in two other criminal cases on the morning of December 6, 1993, and before he completed these two jury trials.[1] The assistant district attorney testified that the trial "Court asked if [he] had had any contact with [defense counsel upon announcement of defendant's case for trial] and [that he then] indicated that [defense counsel] had called [the district attorney's] office that morning and had discussed the availability of [defendant] with [his] secretary and that [he] had no other

---

[1] The State explains in its brief that "[d]uring jury selection on December 6th, the District Attorney advised the trial court[, apparently ex parte,] that the demand in [defendant's] case might run if the case were not called that week [and that the] trial court thereafter directed the State to call [defendant's] case."

personal contact with [defense counsel]." The assistant district attorney then explained "that at some point in time someone told [him] that they believed [defense counsel was] at [his place of business, but that he did not recall] whether that was in the morning or in the afternoon [of December 6, 1993]."

The trial court denied the motion to quash and plea in bar, finding that "[t]here were no juries impaneled and qualified to try the Defendant [during the July 1993 term of court and concluded] that the time for the Defendant's demand did not begin to run until the next regular term of court for Newton County (the October term) [and that the] demand will not trigger a bar to prosecution until the expiration of the January, 1994 term." In support of its finding that no juries were impaneled and qualified to try defendant during the July 1993 term of court, the trial court reasoned that jurors summoned (apparently in August 1993) for service during a special civil jury trial session of the July 1993 term of court did "not count toward the time during which a defendant must be tried following a demand for trial. *Stripland v. State*, 115 Ga. 578 [(41 SE 987)] (1902)." The trial court then ruled that, "[e]ven assuming, arguendo, [defendant's] demand attached in the July, 1993 term, the district attorney would still have the January, 1994 term in which to try the case because of the failure of counsel for the defense to appear when the case was called."

Defendant was tried before a jury during the January 1994 term of the Newton County Superior Court and found guilty under both indictments for selling marijuana. This appeal followed entry of judgment of conviction and sentence on one of the jury's verdicts. *Held*:

1. Defendant first contends the trial court erred in denying his motion to quash and plea in bar, arguing the trial court erred in finding that jurors were not impaneled and qualified to try him during the July 1993 term of court.

" '(I)n computing the time allowed by the two-term requirement [of OCGA § 17-7-170 (b)], terms or remainders of terms during which no jury is impaneled are not counted.' *Kaysen v. State*, 191 Ga. App. 734, 735 (382 SE2d 737) (1989). See also *Deadwiley v. State*, 192 Ga. App. 229 (384 SE2d 221) (1989). 'If no jury is impaneled and qualified to try a person when the demand is filed, the time designated in [OCGA] § 17-7-170 does not begin to run until the term at which jurors are impaneled and qualified to try the person. (Cit.)' *Kersey v. State*, 191 Ga. App. 847 (383 SE2d 348) (1989)." *Smith v. State*, 199 Ga. App. 771, 772 (406 SE2d 118). In the case sub judice, the State concedes that defendant filed his demand for trial during the July 1993 term of court when jurors were impaneled and qualified for service. However, the State points out that defendant waited until Thursday morning (July 22, 1993) during the only week set aside for

criminal jury trials in the July 1993 term of court to file a demand for trial and argues that jury panels were not then available to try defendant because "the District Attorney had already begun to select the jury for the last case to be reached during the week-long regular criminal trial term." This argument is without merit.

The July 1993 term of the Superior Court of Newton County did not expire until commencement of the next regular term of court. OCGA § 15-6-19. The regular term of court following the July 1993 term of court did not begin until the second and third Mondays in October 1993. OCGA § 15-6-3 (2) (A). Consequently, the jurors qualified and impaneled for "the last case to be reached during the week-long regular criminal trial term" were available for further service during the July 1993 term of court. Defendant could therefore have been tried during the July 1993 term of court pursuant to his demand. See *Birts v. State*, 192 Ga. App. 476, 477 (385 SE2d 120). Compare *Kirk v. State*, 194 Ga. App. 801, 802 (392 SE2d 249). The fact that the State's attorney did not wish to work the jurors impaneled and qualified during the July 1993 term of court past July 23, 1993, does not diminish the fact that jurors were impaneled and qualified at the time defendant filed and served his demand for trial. Thus, the trial court erred in concluding that "the time for the Defendant's demand did not begin to run until the next regular term of court for Newton County (the October term) [and that defendant's] demand will not trigger a bar to prosecution until the expiration of the January, 1994 term."

2. In his second enumeration, defendant contends the "trial court erred in finding that special jury trial terms occurring within a regular term [of court] have no bearing upon the issue of whether qualified jurors were available to try [him] during that term." Although a similar issue was resolved in *Huckeba v. State*, 157 Ga. App. 795, 797-798 (278 SE2d 703), our holding in Division 1 of this opinion renders it unnecessary to reach this enumeration. Defendant's demand for trial was effective during the July 1993 term of the Newton County Superior Court.

3. In his final enumeration, defendant contends the "trial court erred in finding that there had been a waiver of [his] demand for trial pursuant to O.C.G.A. § 17-7-170." At issue is whether defense counsel's failure to appear upon call of defendant's case for trial constituted an affirmative waiver of defendant's right to be tried pursuant to his OCGA § 17-7-170 demand.

OCGA § 17-7-171 (b), which governs speedy trial demands in capital offenses, requires "defendant [to be] present in court announcing ready for trial and requesting a trial on the indictment." This court has held that there is no parallel requirement in OCGA § 17-7-170, the statute which governs a demand for a speedy trial in a

non-capital case such as the one here. *Riley v. State*, 212 Ga. App. 519 (442 SE2d 7); *State v. Collins*, 201 Ga. App. 500 (411 SE2d 546); *Ciprotti v. State*, 190 Ga. App. 639 (379 SE2d 802) (physical precedent only). Accordingly, the absence of defendant and by extension his counsel from the calendar call is not, per se, sufficient grounds to find waiver of the trial demand.

However, "[a] waiver of the demand would result from a continuance granted on the motion of the accused, or from any other act on his part showing affirmatively that he consented to passing the case until a subsequent term." (Punctuation and emphasis omitted.) *State v. Waters*, 170 Ga. App. 505, 508 (317 SE2d 614), citing *Walker v. State*, 89 Ga. 482 (15 SE 553).

This court has previously addressed the issue of what constitutes an affirmative act which serves to waive a speedy trial demand. In *Ballew v. State*, 211 Ga. App. 672 (440 SE2d 76) (1994), defendant and his counsel were present at the calendar call of November 30, 1992. The trial court decided on its own that counsel, who had been appointed November 5, was not ready to proceed and ordered a continuance, at which time defense counsel said nothing. Despite the lack of objection to the continuance, this court found no waiver. "[W]e cannot infer . . . that silence was an affirmative action clearly waiving the requirements of OCGA § 17-7-170." Id.

In *Birts v. State*, 192 Ga. App. 476, supra, despite the fact that the trial court had granted defense attorney a two-week leave of absence, the State placed Birts' case on trial during that period. When neither Birts nor her attorney appeared, the trial demand was stricken. The State again scheduled Birts' case for trial the following week, during which time defense counsel had two days of scheduled leave and several other cases scheduled for trial. This court found that since "[t]he State waited until the last available moment to schedule a trial demanded 2½ months before, and piled it and several other cases upon the attorney in three days," the defense counsel's inability to reach the case under these circumstances was not an "affirmative waiver" of defendant's speedy trial demand. Id. at 477. A waiver must "reflect that the defendant affirmatively sought to avoid trial." Id.

In this case, defense counsel adamantly refused to agree to a continuance during pre-trial negotiations. As in *Ballew*, there was no verbal acquiescence to a continuance. Defendant was present and ready for trial at the time his case was called. His only response to the courtroom machinations was the statement, "I don't know where [my lawyer] is." There was no evidence of a willingness to delay or an attempt to avoid trial as required by *Birts*, particularly in light of the pre-trial discussions between defense counsel and the State's attorney, defense counsel's telephone call to the district attorney's office

the morning of trial, and his statement to the secretary, "I'm here, let them know that I'm ready whenever they want me." There was simply a miscommunication based upon defense counsel's belief that he was "on call" pursuant to the prevailing practice in the jurisdiction.

It may well be that a requirement that defendant and counsel be present at the calendar call, such as imposed by OCGA § 17-7-171 (b), would clarify the duties of counsel for defense; however, it is not the duty of this court to dictate that which the legislature has not. Nor is it this court's duty to set forth requirements of professionalism which will burden an already overworked prosecutorial system. It is, however, the duty of this court to "seek to uphold rather than whittle away by judicial construction this and other provisions of our Bill of Rights, which secure . . . the guarantees of freedom upon which this country is founded." *Rider v. State*, 103 Ga. App. 184 (118 SE2d 749) (1961). Under these circumstances, we find that the trial court erred in denying defendant's motion to quash the indictments and plea in bar.

*Judgment reversed. Pope, C. J., McMurray, P. J., Johnson, Blackburn and Ruffin, JJ., concur. Birdsong, P. J., Beasley, P. J., Andrews and Smith, JJ., dissent.*

SMITH, Judge, dissenting.

I respectfully dissent. While I agree that we should not attempt judicial legislation of civility and courtesy, the distinction made by the majority between OCGA § 17-7-170 and OCGA § 17-7-171 (b) gives cause for concern. The potential for abuse in an expansive reading of the majority's decision and a restrictive reading of OCGA § 17-7-170 is amply demonstrated by the facts of this case. Waiver of a demand for trial may not occur under circumstances in which counsel justifiably believes that he or she is excused from the courtroom or "on call." However, the majority's decision could be construed as authority for counsel to "disappear," particularly in the final days of a term of court. Counsel could then insist that the demand remains effective, that the statutory time has expired, and that the defendant is entitled to discharge and acquittal. This places the trial court in an untenable position between the conflicting interests of jury and court administration, a defendant's demand for trial, and the end of the term. The only possibilities in such a situation appear to be a trial in the absence of defendant's counsel or an acquittal by operation of law.

The potential for harm to the effective administration of justice on the trial court level persuades me that it is time for reconsideration of *State v. Collins*, 201 Ga. App. 500 (411 SE2d 546) (1991) and its progeny. That decision overruled a long line of cases requiring the defendant's physical presence in the trial court to support a trial de-

mand under OCGA § 17-7-170. 201 Ga. App. at 501. Judge Andrews's special concurrence in *Collins* thoroughly outlined the cases, legislative history, and principles of statutory construction which point to the inclusion under OCGA § 17-7-170 of the requirement that the defendant be present in court announcing ready and requesting trial. 201 Ga. App. at 501-506. *Collins'* removal of this requirement has had unanticipated consequences, and it should now be overruled.

Given this requirement of actual presence, readiness, and request for trial, the trial court did not err in denying defendant's motion to quash the indictments and plea in bar. "Because the penalty imposed by this statute against the state is so great, it must be strictly construed." *Day v. State*, 187 Ga. App. 175, 176 (369 SE2d 796) (1988). While the conduct of the assistant district attorney was at best careless and at worst reprehensible, defense counsel bears some responsibility by failing to communicate with the trial court directly, relying instead upon conversations through his paralegal and a secretary in the district attorney's office. However, the consideration of such facts in ruling on the possible waiver of a demand for trial will lead, ultimately, to "mini-trials" in which the trial court determines the validity and strength of various excuses for an absence from the calendar call. Attorneys, secretaries, and paralegals will be examined and cross-examined regarding alleged telephone messages, mechanical breakdowns, illnesses, and acts of God. The successful assertion of such an excuse will, in some circumstances, result in a discharge and acquittal even though there was no possibility of trial.

The severe penalty imposed upon the State for failure to try a case within the two terms provided by OCGA § 17-7-170 demands a "bright line" rule for determining whether a defendant can assert a demand for trial and obtain a discharge and acquittal. Accordingly, I would affirm the trial court's denial of defendant's motion to quash and plea in bar.

I am authorized to state that Presiding Judge Birdsong, Presiding Judge Beasley and Judge Andrews join in this dissent.

DECIDED DECEMBER 5, 1994 —
RECONSIDERATION DENIED DECEMBER 20, 1994 —

*John T. Strauss,* for appellant.
*Alan A. Cook, District Attorney,* for appellee.