S95G0608. THE STATE v. McKNIGHT.
(462 SE2d 142)

HUNSTEIN, Justice.

Appellee Arthur McKnight, under indictment on two counts of selling marijuana, filed a demand for a speedy trial pursuant to OCGA § 17-7-170 on July 22, 1993. His January 1994 motion to quash the indictments and plea in bar were denied by the trial court on the basis that no jurors had been qualified and impaneled during the July term of court. That ruling was found to be error by the Court of Appeals, *McKnight v. State,* 215 Ga. App. 899 (1) (453 SE2d 38) (1994), and no objection is raised thereto. The Court of Appeals also held that no waiver of appellee's demand for a speedy trial had occurred as a result of defense counsel's absence from the courtroom when appellee's case was called for trial because under the facts in this case, defense counsel justifiably believed he was "on call." We granted the State's petition for writ of certiorari to consider that ruling.

OCGA § 17-7-170 governs demands for speedy trial in non-capital cases and such statute and the case law dealing

with such statute must be distinguished from OCGA § 17-7-171 [which governs demands for speedy trial in capital cases] and the case law dealing with that statute as the two are quite different. The requirements of OCGA § 17-7-171 are also more stringent than those of OCGA § 17-7-170 due to the different nature of the two types of offenses.

*Smith v. State*, 261 Ga. 298 (1), n. 2 (404 SE2d 115) (1991). As recently stated in *Rice v. State*, 264 Ga. 846 (452 SE2d 492) (1995), OCGA § 17-7-170

is only applicable to prosecutions charging non-capital offenses, and does not contain the requirement that the defendant be in court announcing ready for trial. See, e.g., *Ciprotti v. State*, 190 Ga. App. 639, 641 (379 SE2d 802) (1989) (Pope, J., concurring specially); see also *Walker v. State*, 89 Ga. 482 (15 SE 553) (1892) (misdemeanor prosecution). The rule stated by these cases is applicable only to a demand filed under OCGA § 17-7-170, and not to a demand under § 17-7-171.

Id. at 847. While we concur with the Court of Appeals that "a requirement that defendant and counsel [in non-capital offenses] be present at the calendar call, such as imposed by OCGA § 17-7-171 (b), would clarify the duties of counsel for defense," *McKnight*, supra at 905, like the Court of Appeals we recognize that this is a matter for the Legislature to address.

Contrary to the State's position, *McKnight* clearly reflects that a speedy trial demand may be waived where defense counsel is absent because of an *unjustified* belief that counsel was excused or "on call" and nothing therein can be construed as authority approving the unexcused, unjustified "disappearance" of counsel. Although the Court of Appeals determined that the absence of appellee's counsel at the call of this case for trial did not constitute an affirmative act indicating an intention to waive the speedy trial demand, this holding is based on the particular facts adduced therein, especially in regard to the practice prevailing in the district where this case arose. We decline the State's invitation to review the sufficiency of the evidence supporting this ruling. Supreme Court Rule 40 (1). Accordingly, we affirm the Court of Appeals.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 2, 1995.

*Alan A. Cook, District Attorney, W. Kendell Wynne, Jr., Assis-*

*tant District Attorney,* for appellant.
*Strauss & Walker, John T. Strauss,* for appellee.