### A98A2123. SYKES v. THE STATE.
(511 SE2d 566)

Judge Harold R. Banke.

After Frank Sykes was charged with driving under the influence of alcohol, driving with an invalid license, speeding, improper passing, and improper lane change, he filed a demand for speedy trial. Sykes now appeals the denial of his motion for discharge and acquittal.

The traffic citations Sykes received required him to appear in court on December 2, 1997, and on that date his case was scheduled for arraignment on January 7, 1998. On December 18, 1997, Sykes filed a demand for trial under OCGA § 17-7-170. The demand was recorded by the clerk of court and served on the solicitor general by registered mail on December 18, 1997.

Subsequently, Sykes' defense counsel received a notice to appear for a jury trial on January 2, 1998, but because Sykes did not receive formal personal notice of trial from the court, he was not present in court with his counsel. The clerk of court mailed the notice to Sykes at an address Sykes provided for bond purposes which did not include Sykes' apartment number. Even though Sykes allegedly did not appear because of this purported deficient notice, Uniform Superior Court Rule ("USCR") 32.1 provides that notice shall be given to the "defendant at the *last address* indicated in the court records. . . ." The clerk's records had Sykes' correct address from his traffic citations, but the incorrect address on the bond application, provided by Sykes, was the last address in the court's records. Sykes' defense counsel objected to proceeding on January 2, 1998, because Sykes was not present in court and could not be tried in absentia because he had not been arraigned.

Later, Sykes received a notice setting the case for a hearing on motions on February 25 with a jury trial set for April 17, 1998. Sykes waived arraignment on January 23, 1998. On February 18, the State notified Sykes of its intent to present evidence of two prior DUIs as similar transactions.

At the scheduled motion hearing on February 25, neither Sykes nor his counsel appeared. After reviewing the record, the trial court directed an assistant solicitor to notify Sykes' counsel at approximately 4:00 p.m. on February 25 that the case would be called for

trial at 9:00 a.m. the next day to accommodate Sykes' demand for speedy trial. The State telephoned the defense counsel's office on February 25 and advised co-counsel the case would be called at 9:00 a.m. on February 26. On February 26, the trial court noted on the record that Sykes had filed a demand for speedy trial, the case must be tried before the end of the January/February term which would be Saturday, February 28. The trial court also noted that Sykes and his counsel did not appear in court at 9:00 a.m. ready for trial.

At a hearing later that day, counsel from the firm of Sykes' defense counsel re-stated the circumstances of his notification of the call of the case, stated Sykes has not received personal notice of the trial date, and argued the notice received on February 25 was unreasonable and less than the notice to which a defendant is entitled under USCR 32.1. The trial court responded that in the circumstances of this case Sykes was not entitled to that notice.

Although Sykes' counsel did not request a continuance, when the court called the case for trial, counsel advised the court that Sykes was out of the state. Sykes' lead counsel also was not present in court because he was "unavailable." Although the trial court allowed defense counsel to withdraw a waiver of the speedy trial demand that was apparently filed erroneously, the trial court nevertheless ruled that Sykes' failure to appear in court waived his speedy trial demand. The trial court set the case for trial on April 17, 1998.

Sykes then filed a motion for discharge and acquittal. Sykes and his lead counsel were present to argue the motion. Sykes contended that he was entitled to discharge and acquittal because the case was not tried by the end of the January/February term of court. He maintained that he never requested a continuance and did not state that he was not ready for trial. Sykes further contended that under USCR 32.1 he was entitled to personal notice through a written trial calendar at least seven days before the trial date even though there were not enough days remaining in the term for such notice to be provided. He argued the State could have given proper notice had the State merely given the required notice seven days before the end of the term, but it failed to do so. The parties stipulated that jurors were available to try Sykes in the November/December and January/February terms of court.

The trial court reiterated its ruling of February 26, 1998, that by refusing to go forward with the trial on that date Sykes had waived his demand for a speedy trial. Thereafter, Sykes filed this appeal challenging that decision. *Held*:

1. The State's motion to dismiss the appeal is denied. Sykes was given an extension of time in which to file his enumeration of error and brief.

2. If a defendant who filed a demand for trial under OCGA § 17-

7-170 (a) is not tried during the term in which the demand was filed or the next succeeding regular term of court and jurors were impaneled and qualified to try the defendant in both terms, the defendant must be absolutely discharged and acquitted. OCGA § 17-7-170 (b). If the failure to try the defendant results from a voluntary act of the defendant or the defense counsel which results in a continuance of the case to a time outside the period of the demand, however, discharge and acquittal are not required. *Fletcher v. State*, 213 Ga. App. 401, 402 (1) (445 SE2d 279) (1994). In such cases, the defendant will be found to have waived his demand for a speedy trial. *Weidlund v. State*, 191 Ga. App. 668, 669 (382 SE2d 709) (1989). The burden of showing such waiver is on the State. *Birts v. State*, 192 Ga. App. 476, 477 (385 SE2d 120) (1989).

Although Sykes went to great effort to assure that he did not formally request a continuance, requesting a continuance is not the only way to waive a demand for trial. "Any affirmative action of the defendant which results in a continuance of the case, or a failure to try it within the time fixed by the statute after the filing of a demand, has the effect of tolling the time. [Cits.]" *Letbedder v. State*, 129 Ga. App. 196, 197 (1), n. 1 (199 SE2d 270) (1973). A waiver of a demand for a jury trial may result from any act by the defendant that shows affirmatively that he consented to passing the case until a later term. *State v. Waters*, 170 Ga. App. 505, 508 (3) (317 SE2d 614) (1984). The defendant's actions must show that he "affirmatively sought to avoid trial." *Birts*, 192 Ga. App. at 477.

This case differs from *McKnight v. State*, 215 Ga. App. 899, 903-904 (3) (453 SE2d 38) (1994), in which the defendant was "present and ready for trial at the time his case was called," but his lawyer was not present in court seemingly through some administrative confusion. Id. at 904. In this appeal, however, the record shows that Sykes affirmatively sought to avoid trial.

Sykes did not appear personally at the January 2 hearing even though his counsel was present. While his failure to appear might be mitigated by the notice problem, notice was sent to the address Sykes provided and Sykes' defense counsel obviously received notice. Unless we are to assume that counsel and client did not communicate about the date of a scheduled trial date, we can only conclude that Sykes intentionally did not appear for this scheduled court date because it was felt that he could rely upon the clerk's seeming failure to give notice under USCR 32.1. Sykes' absence from this hearing, however, was not authorized by his failure to receive notice under USCR 32.1 since notice had been mailed in accordance with the Rule. Even though Sykes' counsel did not request a continuance, Sykes' absence from the proceedings may be considered when determining whether he waived his speedy trial demand.

Also, at the April 28 hearing, Sykes' counsel admitted that he "absolutely knew" when he signed the waiver form on January 23, 1998, that the motions would be heard on February 25 and the case tried on April 17 that the trial date would be beyond the permissible limit. Clearly, both Sykes and his lead counsel were absent on the only days remaining in the term in which Sykes could be tried to avoid trial. No excuse was proffered except that Sykes was out of the state and lead counsel was unavailable. These excuses are not sufficient. This Court's opinion in *McKnight* cannot be "construed as authority approving the unexcused, unjustified 'disappearance' of counsel." *State v. McKnight*, 265 Ga. 701, 702 (462 SE2d 142) (1995). Although our law does not demand that Sykes be physically present in court to preserve his demand for trial (see *State v. Collins*, 201 Ga. App. 500 (411 SE2d 546) (1991)), it also does not countenance a defendant and his counsel absenting themselves so as to avoid the call of the case for trial.

We also find unpersuasive Sykes' argument that he was not obliged to appear for trial because he did not receive notice of the trial date in accordance with USCR 32.1. Compliance with Rule 32.1 must be judged in the circumstances of each case. *Payne v. State*, 195 Ga. App. 523, 524 (1) (394 SE2d 781) (1990). If we were to adopt Sykes' reading of the rule, the harshest sanction available would be required any time a defendant could not be given the full notice the rule prescribes. In the circumstances of this case, the trial court was complying with Sykes' demand for trial, and the only way that could be done was by deviating from the requirement of USCR 32.1. Given the history of this case, which includes the instance in which Sykes did not appear for trial even when his attorney was given proper, timely written notice of the trial set for January 2, 1998, we do not find that the trial court abused its discretion. *Croft v. State*, 180 Ga. App. 705, 706 (350 SE2d 34) (1986).

*Judgment affirmed. Johnson, C. J., and Smith, J., concur.*

DECIDED FEBRUARY 3, 1999 —
RECONSIDERATION DENIED FEBRUARY 18, 1999.

*Patrick D. Deering*, for appellant.

*Barry E. Morgan, Solicitor, Lawton W. Scott, Jessica K. Moss, Marsha S. Lake, Assistant Solicitors*, for appellee.